In re Charles E. MATYAC, Debtor.

Rita J. PATTERSON, Plaintiff,

v.

Charles E. MATYAC, Defendant.

Bankruptcy No. 2–83–03334.

Adv. No. 2–88–0180.

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 15, 1989.

Harold R. Kemp, Kemp, Schaeffer & Rowe Co., L.P.A., Columbus, Ohio, for plaintiff.

Pamela N. Maggied, Columbus, Ohio, for defendant.

OPINION AND ORDER ON PLAINTIFF'S COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT

BARBARA J. SELLERS, Bankruptcy Judge.

## I. JURISDICTION

This matter was initiated by a complaint filed by Rita J. Patterson (the "plaintiff") seeking a determination that a certain debt owed by Charles E. Matyac (the "defendant") to the plaintiff is not dischargeable in bankruptcy. The defendant filed an answer to the complaint and, upon the direction of the Court, the parties submitted a joint pretrial statement. Subsequently, the parties agreed to have the Court decide this matter on the trial brief and reply brief filed by each party.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The following opinion and order constitutes findings of fact and conclusions of law.

## II. STATEMENT OF FACTS

The facts in this case are not in dispute. The parties stipulated to the relevant facts as follows:

1. This proceeding is related to the defendant's Chapter 7 bankruptcy case, No. 2–83–03334;

2. The plaintiff is the former spouse of the defendant;

3. As a result of the marriage of the parties, three children were born;

4. The marriage between the plaintiff and the defendant was terminated by a Decree of Divorce filed on November 18, 1969 in the Court of Common Pleas, Franklin County, Division of Domestic Relations;

5. Pursuant to that divorce decree the defendant was required to pay thirty-five dollars ($35) per week as and for child support;

6. The defendant did not fully pay his child support obligation and there currently exists an outstanding arrearage of twenty-seven thousand nine hundred fifty dollars ($27,950);

7. All three children of the marriage are now emancipated and there is no continuing duty for current child support.

### III. DISCUSSION

■ Given the facts stipulated to by the parties, the Court is presented with only one issue of law: whether, after the ongoing obligation to pay child support has ended, child support arrearages which accumulated prior to the termination of the support order are subject to discharge.

The dischargeability of support debts is governed by 11 U.S.C. § 523(a)(5), which states in pertinent part:

§ 523 Exceptions to discharge

(a) A discharge under sections 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, . . . but not to the extent that—

. . . . .

(B) such debt includes a libility designated as alimony, maintenance, or support, unless such liability is actually in- the nature of alimony, maintenance, or support.

Under § 523(a)(5), support obligations imposed by a divorce decree are not dischargeable in a Chapter 7 proceeding. However, while a divorce decree may label a particular obligation as support, it is well established that the nature of the obligation is determined by federal bankruptcy law. *Singer v. Singer (In re Singer)*, 787 F.2d 1033, 1035 (6th Cir.1986) (Guy, J., concurring). In *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983), the Court of Appeals for the Sixth Circuit set forth a formula for determining whether payments by a debtor are in the nature of support. That formula includes:

(a) whether the *intent* of the state court or the parties was to create a support obligation;

(b) whether the support provision has the actual *effect* of providing necessary support;

(c) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*Singer*, 787 F.2d at 1036.

The second prong of the *Calhoun* test is critical to the outcome of this adversary proceeding. Clearly the obligation was intended as support. Where all three children are now emancipated, however, does the payment of child support arrearages have the actual *effect* of providing necessary support?

The irony of that issue was properly noted by Judge Speer in an analogous case. *Swiczkowski v. Neagley (In re Swiczkowski)*, 84 B.R. 487 (Bankr.N.D.Ohio 1988). Judge Speer rhetorically posed the question,

How can a repossessed vehicle have the effect of providing necessary support? On the other hand, where is the equity in allowing a Debtor to control the character of an obligation by simply not paying amounts clearly owed for support, and after the former spouse is forced to be self-supporting as to that obligation, then permitting the Debtor to argue that the obligation did not have the effect of providing necessary support because the former spouse has been self-supporting without it?

*Swiczkowski*, 84 B.R. at 490–491; *cf. McCertor v. Rowles (In re Rowles)*, 66 B.R. 628 (Bankr.N.D.Ohio 1986). Further, Judge Speer noted that the *Calhoun* court apparently also recognized this problem. *Swiczkowski*, 84 B.R. at 491.

In a footnote following the section which sets forth the second prong of the test, the *Calhoun* court discussed the applicability of the text to unpaid past obligations.

> At issue in the present case is solely the dischargeability of a continuing obligation to hold the former spouse harmless on past marital debts. There has been no claim made that Calhoun is in arrears on past payments due under this obligation. The dischargeability of such unpaid past liabilities requires an analysis distinct from consideration of whether the continuing obligation to hold harmless may be discharged.

*Calhoun,* 715 F.2d at 1109 n. 9. The inclusion of this footnote has caused confusion as to the general applicability of the *Calhoun* test to all cases arising under § 523(a)(5). After reviewing the different approaches, Judge Speer chose to follow the line of decisions which hold that *Calhoun* is generally applicable to all cases arising under § 523(a)(5). Judge Speer further announced,

> This Court will determine whether the divorce related obligation *would have* provided necessary support at any time from the date the obligation became due to the date the obligation is submitted to this Court for a decision on dischargeability under § 523(a)(5).

*Swiczkowski,* 84 B.R. at 491.

This Court agrees with the approach chosen by Judge Speer in the *Swiczkowski* case and formally adopts that approach here. Although not specifically enunciated, this Court previously used such an approach in *Caughenbaugh v. Caughenbaugh (In re Caughenbaugh),* 92 B.R. 255 (Bankr.S.D.Ohio 1988). The *Caughenbaugh* decision is consistent with the conclusion rendered in *Swiczkowski.* In *Caughenbaugh,* although the Court modified the prospective obligation of the debtor, the Court found that any arrearage owing from the entry of the divorce decree until the commencement of the debtor's bankruptcy case was unaffected by the debtor's discharge in bankruptcy. *Caughenbaugh,* 92 B.R. at 257.

Applying such approach to this matter, it is obvious the past child support which the debtor failed to pay would have provided necessary support at the time the obligation was due. Therefore, any child support owing, but unpaid, from the entry of the divorce decree until the commencement of the defendant's bankruptcy case qualifies as support under the second prong of the *Calhoun* test.

Turning to the third part of the test, the Court must determine whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support. Only if that answer is positive does the last prong of the test become relevant.

In an arrearage situation the question of the reasonableness of the award also must be answered in the context of the time it was originally awarded. The unreasonableness of a support award must be judged as of the time awarded as such award relates to payments in arrears on the date of the bankruptcy filing. That determination is distinguishable from ongoing future payments which will be subject to a test of reasonableness as of the bankruptcy filing date.

Two concerns require viewing reasonableness as it relates to arrearages at the original time of the award. First, the fresh start can be protected and, second, a debtor is prevented from contracting away the right to a discharge in bankruptcy by actions taken in an earlier non-federal proceeding. To the extent the state court award exceeded the debtor's then current and foreseeable ability to pay, the excess "should not be characterized as support." *Calhoun* at 1110. A change in circumstances between the time of the original award and the date of the bankruptcy filing, however, may affect the Court's analysis of a debtor's current ability to pay a continuing obligation. *Calhoun* at 1110, n. 11.

In this proceeding, the Court believes the amount of support awarded was not unreasonable at the time of the divorce decree. Nor has either party alleged such unreasonableness. Ohio law expects a non-custodial parent to support his children, and

$11.66 each week for each child is a modest effort at such support. *See* Ohio Rev.Code § 3109.05. Further, each party's attorney indicated approval of the order submitted to the state court judge. Even if that execution is taken as approval only of the form of the order, both parties were represented. Accordingly, such an award is not unreasonable or excessive within the guidelines set by the *Calhoun* court.

The Court further notes that this decision was not aided by the analogy the defendant attempts to draw between the issues in this adversary and the findings in *In re Harris*, No. 2–80–00761 (Bankr.S.D. Ohio May 26, 1981) (unreported) and *In re Walker*, No. 2–80–03195 (Bankr.S.D.Ohio Feb. 6, 1984) (unreported).

Based upon the foregoing, the obligation of the defendant to the plaintiff for past due child support should be, and the same is hereby, declared to be a support obligation which is not dischargeable in the defendant's Chapter 7 bankruptcy case.

IT IS SO ORDERED.