**In re Terrill L. RIDGWAY and Theresa J. Ridgway, Debtors.**

**Terrill L. RIDGWAY, Plaintiff,**

**v.**

**M. Susan McKEEVER, Defendant.**

**Bankruptcy No. 89–0057.**
**Related Case No. 1–89–00670.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 7, 1989.

Brian W. Kaiser, Edon, Ohio, for plaintiff.

Barbara J. Ansted, Fremont, Ohio, for M. Susan McKeever.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Debtor–Plaintiff's Complaint to Determine Dischargeability of Debt. The Plaintiff, Terrill L. Ridgway, and the Defendant, M. Susan McKeever, have filed a Joint Request for Determination upon Submitted Briefs, based upon stipulated facts. The Court has reviewed the stipulations and the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Plaintiff's Complaint to Determine Dischargeability should be denied, and the child support arrearage owed to the Defendant should be held non-dischargeable.

## FACTS

The Debtors filed their Chapter 7 Petition on March 14, 1989. The Plaintiff, Terrill L. Ridgway, listed gross income of Two Thousand Five Hundred Dollars ($2,500.00) a month. Mr. Ridgway and his present wife, Theresa J. Ridgway, have one minor child, and an Eighteen (18) year old whom they have listed as a dependent. Theresa Ridgway is also employed outside the home, working as an assembler. She grosses Seven Hundred Twenty Dollars ($720.00) a month. The Ridgways previously filed a Chapter 7 in 1980, and received a discharge.

The parties have stipulated to the following facts:

1. The Plaintiff–Debtor, Terrill L. Ridgway, owes his former spouse, M. Susan McKeever, the sum of approximately Twenty-two Thousand Three Hundred Sixty-seven Dollars and Twenty-five Cents ($22,367.25), representing a past due child support arrearage arising from valid and legitimate child support orders.

2. Said child support arrearage accrued while the children were in the Defendant's care and while they were minors.

3. The children have now reached majority and there is no longer any duty to support said children.

4. Said arrearage was reduced to judgment on or about November 20, 1987, in the Court of Common Pleas of Sandusky County, Ohio.

## LAW

The dischargeability of support obligations is governed by 11 U.S.C. § 523(a)(5) which states in pertinent part:

**§ 523 Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made

in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . .

■ Under this provision, obligations which are imposed by a divorce decree, and which are in the nature of alimony, maintenance or support, are not dischargeable in a proceeding under Chapter 7. The fact that a particular obligation is labeled "child support" in the divorce decree does not necessarily determine the character of the obligation under federal bankruptcy law. *In re Singer*, 787 F.2d 1033, 1035 (6th Cir.1986). The Court must examine the facts and circumstances of each case, and make a determination based upon federal bankruptcy law. *In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983); *In re Hoover*, 14 B.R. 592 (Bankr. N.D. Ohio 1981). The Court may also look to state law for guidance. *In re Calhoun, supra*, at 1107–1108.

In *Calhoun*, the Court of Appeals set forth the test for determining whether an award is a nondischargeable support obligation. The elements of the *Calhoun* test have been summarized as follows:

(a) whether the *intent* of the state court or the parties was to create a support obligation;

(b) whether the support provision has the actual *effect* of providing necessary support;

(c) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Singer*, 787 F.2d 1033, 1036 (6th Cir.1986) (Guy, J., concurring).

■ Clearly, in the present case, the state court intended to create a support obligation in ordering the Plaintiff to pay child support. However, the Plaintiff contends that the support order cannot now have the effect of providing necessary support because the children who are the subject of the order are now adults.

This Court considered a similar issue under § 17(a)(7) of the Bankruptcy Act. *See, In re Andrist*, 3 Ohio Op.3d 477 (Bankr.N. D.Ohio 1976). In *Andrist*, a cognovit note given in settlement of a delinquent support obligation was held nondischargeable because the underlying liability of the bankrupt was founded on an order for the support of the children of the parties. *Andrist*, at 478. Subsequently, in construing the Bankruptcy Code and *Calhoun*, this Court has held that the "effect of providing necessary support" would be determined based on whether the divorce related obligation *would have* provided necessary support at any time from the date the obligation became due to the date the obligation is submitted to the Court for a decision on dischargeability under § 523(a)(5). *In re Swiczkowski*, 84 B.R. 487, 491 (Bankr.N.D.Ohio 1988).

In a recent decision, Judge Sellers has applied the *Swiczkowski* approach to a child support arrearage. *See, In re Matyac*, 102 B.R. 125, 127 (Bankr.S.D.Ohio 1989). In *Matyac*, as in the case at bar, the children were emancipated. Following *Swiczkowski*, the court stated:

Applying such approach to this matter, it is obvious the past child support which the debtor failed to pay would have provided necessary support at the time the obligation was due. Therefore, any child support owing, but unpaid, from the entry of the divorce decree until the commencement of the defendant's bankruptcy case qualifies as support under the second prong of the *Calhoun* test.

*Matyac*, at 127. *Also cf., In re Jones*, 94 B.R. 99 (Bankr.N.D.Ohio 1988) (Child support obligation assigned to Ohio Bureau of Support by recipient of AFDC payments held nondischargeable.)

■ The Plaintiff also contends that the order to pay support would not have provided necessary support because the Defendant had a better job, and could better afford to pay the costs of raising his chil-

dren. First, the Court notes that under O.R.C. § 3103.03, both parents have a statutory obligation to provide support to their children. Second, the argument is outside the stipulations provided by the parties, as there is no evidence before the Court as to the Defendant's income history, and the Plaintiff has filed no affidavit relative to this matter. Third, while the matter may not be properly before the Court under these circumstances, it does not appear that Plaintiff's argument could succeed as a matter of law.

Finally, Plaintiff contends that the debt is excessive, and should be reduced or completely discharged. Again, this appears to be outside of the parameters under which this matter was submitted to the Court. Moreover, it appears that the Plaintiff's argument is based primarily on the size of the arrearage. This is not the focus of the Court's determination under the *Calhoun* test. *Calhoun* looks to whether the amount of the award is manifestly unreasonable under traditional concepts of support. *In re Calhoun*, 715 F.2d at 1110. In an arrearage situation, the question of the reasonableness of the award should be answered in the context of the time it was originally awarded. *In re Matyac*, at 127. No information has been provided as to the amount of periodic support ordered by the divorce court. However, it should be noted that in *Matyac* the arrearage amount was more than Five Thousand Dollars ($5,000.00) greater than the obligation owed by the Plaintiff in this case, and the entire arrearage was held nondischargeable.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Plaintiff's Complaint to Determine Dischargeability should be Denied.

It is FURTHER ORDERED that the child support arrearage owed by the Plain-

tiff to M. Susan McKeever be, and is hereby, Nondischargeable.