In re **Robert/Patricia LHAMON,** Debtors.

**Robert Dean LHAMON, Plaintiff,**

v.

**AUGLAIZE COUNTY DEPARTMENT OF HUMAN SERVICES,** Defendant.

**Bankruptcy No. 90–0217. Related No. 90–01278.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 30, 1991.

Randy L. Reeves, Lima, Ohio, for plaintiff.

John F. Moul, Auglaize County Asst. Pros. Atty., Wapakoneta, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Complaint to Determine Dischargeability of Debt. A Pre-trial was held at which time the parties decided to have the issue determined on the written arguments of counsel. The Defendant filed a Motion for Summary Judgment to which the Plaintiff filed a Reply. The Court has reviewed the written arguments of the counsel and the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the child support arrearage owed to the Defendant should be nondischargeable.

## FACTS

The parties have stipulated to the following facts:

1. On October 9, 1974, Robert Dean Lhamon, Debtor/Plaintiff, was divorced from Patricia Lhamon.

2. Pursuant to the Divorce Entry, the Debtor/Plaintiff was to pay the sum of Forty-five dollars ($45.00) per week for the support of the three (3) minor children from that marriage.

3. During the year of 1975 to 1976 and during the period from approximately September of 1982 to March of 1983, the Debtor/Plaintiff was incarcerated and served his sentence with the Ohio Department of Corrections.

4. Following the 1984 divorce, Patricia Lhamon applied for and received Aid to Dependent Children [hereinafter "ADC"] benefits for the three (3) minor children.

5. On June 6, 1984, the Debtor/Plaintiff and his ex-wife, Patricia Lhamon, were remarried.

6. On April 19, 1990, Debtor/Plaintiff and Patricia Lhamon filed a voluntary Chapter 7 Petition for relief.

The Auglaize County Welfare Department, predecessor of the Augliaize County Department of Human Services and Defendant herein, argued that Patricia Lhamon assigned her interest in the child support obligation owed by the Debtor/Plaintiff to the Defendant. The Defendant contended that the assignment was consideration for Patricia Lhamon's receipt of ADC benefits.

The Defendant submitted an assignment signed by Patricia Lhamon supporting its position. It was on that basis that the Defendant argued that Robert Dean Lhamon owed the Defendant Seventeen Thousand Three Hundred Ninety-four Dollars and Forty-eight Cents ($17,394.48), which represented a past due arrearage arising from the assignment of a valid and legitimate child support order. The Debtor/Plaintiff argued that the award of child support was excessive so as to be unreasonable and should be dischargeable.

### LAW

The dischargeability of child support obligations is governed by Section 523(a)(5) of the Bankruptcy Code which states in pertinent part:

§ 523(a)(5)  **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. . . .

11 U.S.C. § 523(a)(5).

■ Under this provision, obligations which are imposed by a divorce decree, and which are in the nature of alimony, maintenance, or support are not dischargeable in a proceeding under Chapter 7. The fact that a particular obligation is labeled "child support" in the divorce decree does not necessarily determine the character of the obligation under federal bankruptcy law. *In re Singer*, 787 F.2d 1033, 1035 (6th Cir.1986); *In re Hoover*, 14 B.R. 592 (N.D. Ohio 1981). The Court may also look to

state law for guidance. *In re Calhoun*, at 1107–1108.

In *Calhoun*, the Sixth Circuit Court of Appeals set forth a four-tier test for determining whether a debt is alimony or a nondischargeable support obligation. The *Calhoun* test is as follows:

(a) whether the *intent* of the state court or the parties was to create a support obligation;

(b) whether the support provision has the actual *effect* of providing the necessary support;

(c) whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(d) if the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Calhoun*, 715 F.2d 1103, 1036 (6th Cir.1983). Once any of the elements are answered in the negative, the inquiry ends and the debt is deemed dischargeable.

■ Clearly, in the present case, the state court intended to create a support obligation when it ordered the Debtor/Plaintiff to pay child support. In the case at bar, the Court believes that the child support obligation to be paid by the Plaintiff provided the necessary support for the Debtor/Plaintiff's three minor children who were in Patricia Lhamon's custody.

The Debtor/Plaintiff did not contest the intent or the effect of the obligation, but rather argued that due to the circumstances, the amount of the obligation was so excessive as to be unreasonable. The Debtor/Plaintiff contended that the Court should consider the effect of the child support order at times after it was entered, specifically during the Debtor/Plaintiff's incarceration. The Debtor/Plaintiff claims the support order was unreasonable for him to maintain during his two (2) periods of incarceration.

Thus, the Court must determine whether the amount of support is so excessive as to be unreasonable under traditional concepts of support. Only if that answer is affirma-

tive does the last prong of the test become relevant.

The issue of excessive support was addressed in a similar case applying the *Calhoun* test. *In re Matyac,* 102 B.R. 125 (S.D.Ohio 1989). In *Matyac,* the debtor argued the amount of support was so excessive as to be unreasonable under traditional concepts of support as to render support arrearages dischargeable in a Chapter 7 case. The court in *Matyac* found Eleven Dollars and Sixty-six Cents ($11.66) each week for each child to be a modest effort at such support and not unreasonable or excessive within the guidelines set by the *Calhoun* court. The *Matyac* court found the child support arrearage of Twenty-seven Thousand Nine Hundred Fifty Dollars ($27,950) not to be dischargeable in the debtor's Chapter 7 bankruptcy case.

In the case at bar, the Court believes the amount of support awarded was not unreasonable at the time of the divorce decree. Ohio law expects a non-custodial parent to support his children, and Forty-five Dollars ($45.00) each week for three children is not unreasonable support.

In addressing the amount of support during the periods of the Plaintiff's incarceration, the Court notes that a change in circumstances between the time of the original award and date of the bankruptcy filing may effect the Court's analysis of a debtor's current ability to pay a continuing obligation. *Calhoun* at 1110, n. 11; *In re Matyac,* 102 B.R. at 127 (S.D.Ohio 1989). In a situation where there has been a change in circumstances, such as the Plaintiff's incarceration in the case at bar, the Bankruptcy Court may consider the debtor's current general ability to pay insofar as it relates to the continuing obligation to assume the joint debts. *Calhoun* at 1110, n. 11. The Plaintiff has failed to show his inability to pay the debt at the current time except for the fact he and his ex-wife, and also the co-debtor, have remarried and would request a fresh start. The Court believes it was the Debtor/Plaintiff's responsibility to petition the Domestic Relations Court to modify the amount of child support if his circumstances had changed. Therefore, the child support award is not unreasonable or excessive within the guidelines set out by the *Calhoun* court.

■ The Debtor/Plaintiff further contends his child support arrearage obligation, owing by way of Patricia Lhamon's assignment of said benefits to the Auglaize County Department of Human Services, should be dischargeable because the Debtor has remarried the co-debtor and dischargeability of this obligation would give them both a "fresh start." The Court strongly disagrees. "The purpose of the discharge in Bankruptcy is to provide the debtor with a fresh start. However, the Bankruptcy Code must be viewed in light of underlying public policy considerations. In affording the debtor a fresh start, Congress did not intend to permit him to neglect his familial obligations." *In re Sokolsky,* 18 B.R. 138 (M.D.Fla.1982). Section 523(a)(5) attempts to balance the "fresh start" policy of the Bankruptcy Code with the state policy of enforcing support obligations. *In re Jones,* 94 B.R. 99 (N.D.Ohio 1988) (The court in *Jones* held the debt owed by the Debtor to the Ohio Bureau of Support for ADC benefits paid as support for the debtor's minor children, was not dischargeable as debt for child support).

Because the Debtor/Plaintiff and co-debtor have remarried does not change the fact the Plaintiff owes the Defendant child support arrearages. Ohio law provides that both parents are responsible for the support of their children. *See,* Ohio Revised Code § 3103.03. A Debtor has a statutory and a societal duty to provide support for his children. *In re Jones,* 94 B.R. 99 (N.D.Ohio 1988).

Regarding the Debtor/Plaintiff's argument that the Doctrine of Laches bars the Defendant's action, the Court finds the Defendant has not neglected the enforcement of its right to the debt owed to them. The Court further finds that the Defendant has demonstrated such ongoing enforcement in this matter that the Debtor/Plaintiff's defense of laches is unsubstantiated.

In reaching these conclusions, the Court has considered all the evidence and argu-

ments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that the Defendant's Motion for Summary Judgment be, and is hereby, Granted.

It is FURTHER ORDERED that the child support arrearage in the amount of Seventeen Thousand Three Hundred Ninety-four Dollars and Forty-eight Cents owed by the Debtor/Plaintiff to the Auglaize County Department of Human Services be, and is hereby, Nondischargeable.