L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in Mississippi in 1966. The mother was awarded custody of the two minor daughters. The father was ordered to pay $30 per week in child support.
In 1976 a URESA petition was filed in the Circuit Court of Montgomery County, alleging that the father was in arrears in his child support payments. That court determined that the father was $1,700 in arrears. The court further increased the child support payments to $200 per month beginning March 1977.
The father was not required to pay child support for the months that the children lived with him. The children lived with him from June 1977 until January 1978. The older daughter married in August 1980; the younger daughter married in May 1983.
In August 1993 the mother filed a petition in the Shelby County Circuit Court, alleging that the father was in arrears. Following oral proceedings, the trial court found the father to be $36,442 in arrears. The father appeals.
The father asserts that the trial court erred in finding him in arrears.
The mother testified that the father had failed to pay any child support from December 1976, the date the URESA order was entered, through May 1983, the date of the younger child’s marriage. The mother testified that she was entitled to a judgment of $38,442. This amount included the $1,700 arrearage found in December 1976, $240 for the months of January and February 1977, and $200 per month until the younger child married in May 1983. The mother credited the father for the eight months that the children lived with him in 1977 and 1978.
The father testified that he made every child support payment, but he did not present any documentary proof to substantiate his claim. The father’s present wife testified that she had sent checks to the mother and had been present when the father sent checks. She testified, however, that these checks did not total more than $2,000. She also did not have any documentation to substantiate her claim.
The father asserts that the mother did not meet her burden of proof because she failed to present any documentary evidence that she had not received the child support payments. The mother’s whole contention at trial was that the father never made any child support payments. With such an allegation, it is virtually impossible to present more than oral testimony. As the mother noted in her brief, perhaps she “should have introduced an empty pocket book.... ”
It is clear that the evidence presented by the parties was in direct conflict. The trial court heard the evidence, judged the demeanor of the witnesses, and determined the disputed facts. The trial court, in fact, gave the father a $2,000 credit for the amount of child support that both he and his wife testified that he had paid. Under the ore tenus rule, we cannot say the determination was plainly and palpably wrong. Tanana v. Alexander, 404 So.2d 61 (Ala.Civ.App.1981). All of the monthly payments became judgments as they were unpaid when due. Cartron v. Carbron, 565 So.2d 656 (Ala.Civ.App. 1990). The court merely calculated the total arrearage due and determined whether credits were due against the total. Landers v. Landers, 481 So.2d 392 (Ala.Civ.App.1985).
The father next asserts that the trial court erred in including the $1,700 ar-rearage from the 1976 order in its calculations. He insists that there is no method of *683 determining when that arrearage was incurred. This amount was already a final judgment as of December 1976. He suggests that the 20-year statute of limitations for the collection of past-due child support would prohibit including that sum in the calculations.
The father’s argument fails for two reasons. First, the father argued that he did not owe any child support because, he said, he had made all the payments. He stipulated, however, that should the trial court find that child support was due, the mother’s estimate would be the correct calculation to use. Second, the father failed to plead the statute of limitations as an affirmative defense as required by Rule 8(c), Ala.R.Civ.P. That defense, therefore, was waived. McMahan v. Old Southern Life Ins. Co., 512 So.2d 94 (Ala.1987).
The father finally asserts that the trial court erred in refusing to give him credit for the summer months that the children lived with him.
The father cites no authority to support his assertion. We, therefore, do not feel compelled to address it. Rule 28, Ala.R.App.P.; Harris v. Harris, 528 So.2d 866 (Ala.Civ. App.1988). We note, however, that the evidence was conflicting as to whether the children spent the summer months in question with the father. Such was a matter for the trial court to determine. Tanana.
The judgment of the trial court is affirmed.
The mother’s request for attorney fees and/or damages for a frivolous appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.