**In re James Morton EHLERS, Debtor.**

**James Morton EHLERS, Plaintiff,**

v.

**Norma Ruth (Ehlers) HOWELL, Defendant.**

Bankruptcy No. 94–05741–BGC–7.
Adv. No. 94–00399.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Aug. 21, 1995.

James Kramer, Alabaster, Alabama, for Plaintiff–Debtor.

Stephen Nesmith, Montgomery, Alabama, for Defendant.

### MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

### (Motion for Summary Judgment filed by the Defendant)

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on a Complaint to Determine Dischargeability of a

child support debt in a chapter 7 bankruptcy case. The Complaint was filed on November 10, 1994. On May 24, 1995, the Defendant filed a Motion for Summary Judgment. On June 19, 1995, the Plaintiff filed a Response to Summary Judgment. The motion and response were submitted to this Court on the pleadings and on the arguments and briefs of counsel.

## I. Issue

The facts before this Court are not in dispute.[1] The single issue before this Court is whether summary judgment should be granted for the Defendant–Wife against the Plaintiff–Husband where two state courts found that the Plaintiff owed child support to the Defendant, failed to pay it, and now argues that the debt should be discharged in bankruptcy because: (1) the payments were not in the nature of child support, and (2) the children beneficiaries of the support, because of their ages, no longer qualify for the support.

## II. Contentions of the Parties

The Plaintiff contends that the Motion for Summary Judgment should not be granted because the character of the debt, that is whether it is in the nature of child support, has not been determined. The Plaintiff also contends that if the debt is a child support debt, the debt is no longer owed because the reason for the payments no longer exists, that is his former spouse is no longer entitled to the support because their children have reached the age of majority. The Defendant contends that the nature of the debt has been determined to be a debt for child support and that the debt is nondischargeable regardless of whether the obligatory basis of the debt still exists.

For the reasons expressed below the Court agrees with the Defendant. The debt is a child support debt and remains due, and thus nondischargeable, regardless of the change in the children's circumstances.

## III. Findings of Fact

As stated, the facts before this Court are not in dispute. The Plaintiff filed his com-

plaint to determine dischargeability alleging that the judgment entered against him by the state trial court was dischargeable in his bankruptcy case. The plaintiff claimed that the debt was not, in the bankruptcy context, child support or in the nature of child support. The Defendant answered the complaint and filed a counter claim to determine dischargeability. The Defendant maintained that the debt was child support and consequently nondischargeable. The parties agreed that the debt amount as found by the trial court was $36,442.00. The decision of the trial court was appealed to the Court of Civil Appeals of Alabama. The appeals court rendered a decision on April 21, 1995 in favor of the Defendant. That court affirmed the trial court's ruling that the Plaintiff was indebted to the Defendant for child support in the amount of $36,442.00.

The Defendant filed a Motion for Summary Judgment based on the trial court's and appeals court's decisions. The Plaintiff asked the Court to deny the motion.

## IV. Conclusions of Law

### A. Summary Judgment and the Nature of the Debt

■ Whenever this Court is called upon to consider a summary judgment request, it is charged by the Court of Appeals for the Eleventh Circuit and Fed.R.Civ.P. 56(c) that, "a moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "There is no genuine issue of material fact 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Cox v. Administrator United States Steel,* 17 F.3d 1386, 1396 (11th Cir.1994) (citing *Anderson* 477 U.S. at 248, 106 S.Ct. at 2510), *modified*

---

1. The facts before the state court were in dispute. The issue giving rise to those facts is not, however, before this Court and there is no need to

address that issue in the context of this proceeding. See the discussion below regarding summary judgment.

*on other grounds,* 30 F.3d 1347 (11th Cir. 1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 900, 130 L.Ed.2d 784 (1995).

Of most importance to the instant matter is the court of appeals' description of the effect on the non-moving party where a motion for summary judgment is properly supported but no rebuttal support is offered by the non-moving party. In *L.S.T., Inc. v. Crow,* 49 F.3d 679 (11th Cir.1995), the *per curiam* opinion reads:

We turn next to the question of whether the defendants were entitled to summary judgment on their qualified immunity defense. The party seeking summary judgment bears the initial burden "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274 (quoting Fed.R.Civ.P. 56(c)). When a motion for summary judgment is properly supported, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed. R.Civ.P. 56, "designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274 (quoting Fed.R.Civ.P. 56(e)); *Bennett,* 898 F.2d at 1532 n. 1. This means, in the context of a motion based on qualified immunity, that the plaintiff must show "there is a genuine issue of material fact regarding the defendant's conduct as being violative of the clearly established law governing the case." *Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir.1991).

*Id.* at 684.

The movant supported her motion with copies of the trial court complaint, answer, judgment and a copy of the state court's case summary sheet along with a copy of the Court of Civil Appeals of Alabama's written opinion affirming the trial court. After the motion and these supporting documents were filed, the Plaintiff, non-moving party, did not, as required by Fed.R.Civ.P. 56(e), respond "by affidavits or as otherwise provided ... [in rule 56] ... [to] set forth specific facts showing that there is a genuine issue for trial." However, the requirement that the non-moving party reply in the fashion required by rule 56(e) arises in this case only if the movant meets either of two criterion. The Court of Appeals for the Eleventh Circuit explains:

In a case such as this, where the nonmoving party will bear the burden of proof at trial, "the moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence to support [an essential element of] its case, or present 'affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.' " *Hammer v. Slater,* 20 F.3d 1137, 1141 (11th Cir.1994) (quoting *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991) (en banc)). Only then does the burden shift to the nonmoving party to designate, through affidavits or as otherwise provided in Fed.R.Civ.P. 56, "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

*Young v. City of Augusta,* 59 F.3d 1160, 1170. The supporting material the Movant filed with her motion satisfies the criteria described in *Young.* On the other hand, the Plaintiff's admitted reliance on the same material, as described below, falls short of the requirements of Rule 56(e).

The Plaintiff's Response to Summary Judgment contends that the debt is not "in the nature of child support." The Plaintiff writes that this contention "is based on ... the trial transcript ... [of the state court case] and the other records provided [to this Court] by ... [the Defendant]." The Plaintiff neither indicates what those facts might be nor directs the Court to points in those documents that contain facts to support his contentions. His mere statement in a pleading that there are facts that support his position, where a rule of procedure requires a party to set forth specific facts, is not enough.

The trial court transcript and other material provided to this Court by the Defendant do not support the contention that the debt is

not in the nature of child support. To the contrary, the facts in the documents support the Defendant. At the state trial court level, the Plaintiff explained how he was not required to make child support payments for the periods when his children were living with him. And in answer to the question, "you've paid all of your child support?" the Plaintiff answered "Yeah." Tr. 47. Having taken that position, the Plaintiff's case became an accounting of what child support payments had been made, not a determination of the nature of the debt. The plaintiff's defense in the state court was that he did not owe the child support because he had paid it, not that the debt was something other than child support.

The Court of Civil Appeals of Alabama affirmed the trial court's award of child support to the Defendant. In so doing the Court described the Plaintiff's appeal argument as, "the father argued that he did not owe any child support because, he said, he had made all the payments." *Ehlers v. Howell,* 659 So.2d 681 (Ala.Civ.App.1995). For the Plaintiff to argue that he did not owe child support because he had paid what he owed, and then after loosing on that argument, argue to this Court that what he claimed that he had paid as child support was not really child support, is factually contradictory. If the Plaintiff claimed he made child support payments in order to mount a defense to the rule nisi complaint against him in state court, he cannot now use the same facts to defend a dischargeability complaint by claiming that the same payments were "not in the nature of child support." As such, the Plaintiff fails in his rebuttal of the facts supporting the Defendant's Motion for Summary Judgment.

This Court finds that the Defendant, as the moving party, satisfied her burden, as delineated by the circuit court in *Young,* by showing that the Plaintiff has no evidence to support an essential element of its dischargeability complaint, that essential element being that the debt is not in the nature of child support. The Defendant has satisfied this Court that there is no evidence that the Plaintiff ever claimed, or produced facts showing that, the payments that he *did* make, were not child support payments. Similarly, the Defendant demonstrated that the Plaintiff will be unable to prove his case at trial as the the trial court evidence, as described by the state appeals court, revolved solely around an accounting of the amount paid rather than whether the divorce decree established the payments as child support payments.[2] This Court finds that when those test were met, the burden then shifted to the Plaintiff under rule 56(e) to rebut the motion for summary judgment "by affidavits or as otherwise provided ... [in rule 56] ... [to] set forth specific facts showing that there is a genuine issue for trial." The Plaintiff did not meet this burden.[3] On the issue of the nature of the debt, based on the evidence before it, this Court finds that the debt was and is a child support debt, there being no evidence to the contrary.

Based on the evidence before it, this Court finds that there is no genuine issue as to any material fact and that as a matter of law, as explained below, the Motion for Summary Judgment is due to be granted.

### B. Past Due Child Support

■ If this Court were to find that an individual was able to evade paying child support until a child reached the age of majority, many obligated on such debts simply could attempt to avoid such debts until

---

2. The Plaintiff's first claim that his debt was not a child support debt appears to have been raised in this adversary proceeding.

3. May this Court accept the trial court's and appeals court's findings that the debt owed is child support, or must this Court look behind those rulings to determine whether the debt owed is "child support" in the context of 11 U.S.C. § 523? This question may appear to require the Court to address the question of federal and state jurisdiction over domestic matters and whether this Court is required to make a determination that the debt owed is in fact child support in the bankruptcy context; however, there is no factual issue before this Court as to the "child support" character of the debt. The uncontroverted facts in the documents attached to the Motion for Summary Judgment establish that the debt is one for child support rather than some debt that may be dischargeable through a bankruptcy proceeding. Consequently, the issue of domestic case jurisdiction does not arise.

the debts were no longer due.[4] This would be unfair. If courts consider only the present situation of a child and the spouse who is responsible for the day-to-day support of that child, the courts would, in a backhanded manner, punish non-debtor spouses who are attempting to become self-supporting. These courts would also allow the discharge of support debts where non-debtor spouses have struggled to become self-reliant. *See In re Chism*, 169 B.R. 163, 169 (Bankr. W.D.Tenn.1994).

Other courts have found that past-due child support payments are not dischargeable in similar situations. The Court of Appeals for the Seventh Circuit recognized the policy underlying a requirement that the obligated spouse repay the receiving spouse in the case of past-due child support. In *Hylek v. Hylek*, 148 F.2d 300, 302 (7th Cir.1945), the court found:

> While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to payments for support,

and continuous support is furnished by the person awarded the custody so as to meet the exigencies arising, we are of the opinion that sound public policy requires that the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose an amount equal to or in excess of that which the father was obligated to pay, but did not for the support of the child.

*Id.* (citing *McCormick v. Collard*, 105 Ind. App. 92, 95, 10 N.E.2d 742, 743 (1937)).[5]

In *Patterson v. Matyac*, 102 B.R. 125 (Bankr.S.D.Ohio 1989) Judge Barbara Sellers held that child support payments that had accumulated and remained unpaid past the time of the obligation for the payments, was a non-dischargeable debt in bankruptcy. Relying on *Matyac*, the court in *Lhamon v. Auglaize County Department of Human Services*, 139 B.R. 849 (Bankr.N.D.Ohio 1991) held that the debtor was still obligated for the past-due arrearage arising from the assignment of a domestic court's valid child support order, where the debtor remarried his former spouse who had assigned her interest to a department of human services in exchange for the child support payments the debtor was to make to her.[6]

4. The Court of Appeals of the Eleventh Circuit has not addressed this specific issue but did recognize that a debtor's obligation to pay post-majority child support is unaffected by the absence of a state law requiring post-majority payments. The Circuit Court found that such payments could be nondischargeable in bankruptcy even where the obligated spouse argued that the receiving spouse was no longer in need of the support. *In re Harrell*, 754 F.2d 902, 905 (11th Cir.1985).

5. Case law in Alabama seems to agree. "It is well settled [in Alabama] that child support payments ordered in a divorce decree become final judgments as of the due date and may be collected as other judgments, and payments which mature or become due before the filing of a petition for modification are immune from change." *Endress v. Jones*, 534 So.2d 307, 308 (Ala.Civ.App. 1988) (citation omitted) (parenthetical added). "Claims for arrearage of ordered child support may be allowed off-set by credit for amounts expended by the obligated parent when such parent actually furnishes support for a child while in his custody or the custody of another." *Weaver v. Weaver*, 401 So.2d 77, 78 (Ala.Civ.App. 1981) (citations omitted). However where the

obligated spouse does not provide evidence of support for such a credit, that spouse is not entitled to a credit. *Ricks v. Ricks*, 515 So.2d 26, 27 (Ala.Civ.App.1987).

6. Courts in the Sixth Circuit have previously applied the "present needs" test of *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983) to determine whether payments by a debtor are in the nature of support. In *In re Fitzgerald*, 9 F.3d 517 (6th Cir.1993) the Circuit Court held that this test was not always applicable. The courts in *Matyac* and *Lhamon* relied on *Calhoun* but were decided before *Fitzgerald*. From the opinion written in *Fitzgerald*, this Court does not see that the circuit court's recent explanation of *Calhoun* changes the results reached by the two bankruptcy courts this Court cites. *Fitzgerald*, as described by Judge Bernice Donald in the bankruptcy case of *In re Chism*, 169 B.R. 163 (Bankr.W.D.Tenn. 1994) "held that the present needs test of *Calhoun* had no applicability to obligations specifically designated as alimony and intended by the parties or the state court as such." *Id.* at 168. Judge Donald continued in quoting *Fitzgerald* for the statement, "[f]ortunately, a majority of courts in other circuits have rejected the 'present needs'

This Court agrees with those who have considered this issue and found that past-due child support obligations remain obligations even after the reason for the creation of the obligations ceases to exist; consequently, such obligations found to be actual child support obligations, as in this case, are nondischargeable in bankruptcy. Based on the above, the Court finds that Plaintiff's past-due child support obligations should not be discharged and that the judgment entered against the Plaintiff by the state court in the amount of $36,442.00 may be enforced against the Plaintiff.[7] An order in conformity with this memorandum opinion will be entered.

## ORDER

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is **ORDERED, ADJUDGED AND DECREED** that:

1. The Defendant's Motion for Summary Judgment is granted.

2. Judgment is entered for the Defendant and against the Plaintiff.

3. The judgment from the Circuit Court of Shelby County, Case No. CV 93–629, entered February 28, 1994, for $36,442.00 is nondischargeable in this or any future bankruptcy case.

---

test when applied to alimony or child support. *See, e.g., In re Gianakas,* 917 F.2d 759 (3rd. Cir.1990); *Forsdick v. Turgeon,* 812 F.2d 801 (2d Cir.1987); *Boyle v. Donovan;* 724 F.2d 681 (8th Cir.1984)." *Id.* at 168–169 (see also omitted). In *Fitzgerald* the Court of Appeals for the Sixth Circuit specifically commented that it had "found no case in which a court discharged past-due obligations that were intended as support by the state court or parties." *Id.* at 520. The Court of Appeals for the Eleventh Circuit has specifically rejected the *Calhoun* approach. *In re Harrell,* 754 F.2d 902, 906 (11th Cir.1985). Similarly, because this case was filed prior to the codification of something related to "present needs" in 11 U.S.C. § 523(a)(15), "present needs" need not be considered here.

7. As to the issue of damages, the state court judgment is res judicata as to the validity and amount of the debt. *Matter of Dennis,* 78 B.R. 1012, 1017 (Bankr.N.D.Ala.1987) (state court, civil fraud judgment is res judicata as to amount but not dischargeability); *In re Reitz,* 69 B.R. 192, 198 (N.D.Ill.1986); *Martino v. Brown,* 34 B.R. 116, 117 (D.N.M.1983); *In re Mason,* 175 B.R. 299, 303 (Bankr.W.D.Mo.1994); *In re Neely,* 125 B.R. 392, 395 (Bankr.S.D.N.Y.1991); *In re Gibbs,* 107 B.R. 492, 496 (Bankr.D.N.J.1989); *In re Morton,* 100 B.R. 607, 612 (Bankr.N.D.Ga. 1989). The parties agreed that the amount of the judgment was $36,442.00. The documents submitted in support of the motion agree.