THOMPSON, Judge.
C.M. (“the mother”) filed in the Juvenile Court of Mobile County a petition seeking to adjudicate the paternity of C.D.L. (“the child”) to determine whether B.S.L. was the child’s father. In her petition, the mother also asked the juvenile court to award her child support in an amount to be determined by the application of the Rule 32, Ala. R. Jud. Admin., child-support guidelines. The juvenile court conducted an ore tenus hearing. On June 10, 2004, the juvenile court entered a judgment that, among other things, adjudicated B.S.L.’s paternity of the child, ordered B.S.L. (hereinafter “the father”) to pay $215 per month in child support, and ordered the father to pay a child-support arrearage in the amount of $1,750. The mother timely appealed.
The facts pertinent to the disposition of this appeal are as follows. The child was born on April 5, 1994; the parties were never married. It is undisputed that on June 25, 1995, the parties entered into a written agreement (hereinafter “the child-support agreement”) whereby the father agreed to pay the mother $62.50 per week, or $250 per month, in child support. That agreement was documented inside the front cover of a receipt book and was signed by both parties. The receipt book indicates that the father received a receipt for a June 25, 1995, payment of $62.50 he made pursuant to the child-support agreement. No other receipts were completed or removed from the receipt book.
The father testified that until November 2003, with the exception of a couple of months, he had paid all amounts due under the child-support agreement. The father testified that the parties had an argument in late November 2003. The father stated that, as a result of that argument, the mother had not allowed him to visit the child and that therefore he had stopped paying child support. The father admitted at the hearing that he had no receipts in his possession for any of the child-support payments he claimed that he had made pursuant to the child-support agreement.
In her petition seeking to establish the paternity of the child, the mother did not mention the child-support agreement, did not seek to enforce that agreement with regard to future installments of child support, and did not assert a claim for an alleged child-support arrearage. Rather, the mother sought an adjudication of the paternity of the child and a determination of the father’s child-support obligation pursuant to the Rule 32, Ala. R. Jud. Admin., child-support guidelines. At the hearing in this matter, however, the mother focused almost exclusively on seeking to recoup the arrearage she alleged had accumulated under the child-support agreement.[1]
The mother testified that since 1995 the father had paid her a total of $6,733.17 pursuant to the child-support agreement. The mother estimated that the father owed an additional $23,266.83 in child support under that agreement. The mother submitted into evidence a calendar containing notations indicating child-support pay *206 ments the mother contended the father had made; that calendar represented only the years 2002 and 2003.
The mother also submitted into evidence a three-page handwritten document (hereinafter “Exhibit 3”) consisting of a list of dates and figures; that exhibit purports to reflect child-support payments that, according to the mother, the father had made since 1995. The mother did not testify regarding the entries on Exhibit 3; rather, she simply stated that the exhibit indicated the father had paid a total of only $6,733.17 in child support since the date on which the parties entered into the child-support agreement. The mother answered affirmatively a question as to whether she had compiled Exhibit 3 from notations from her calendars. However, the mother presented no evidence, other than the 2002-2003 calendar, to support the figures she had listed on Exhibit 3. Exhibit 3 contains notations, which were later marked through, indicating that the mother could not locate documentation pertaining to the payments she contends the father made in the years 1996 and 1997. Exhibit 3 does not credit the father with having made any child-support payments during the years 1996 and 1997. During the ore tenus hearing, the trial court made a finding that the mother’s documentation of the child-support payments was incomplete and that the amount of child support the father had paid was in dispute.
The father testified that at the time of the hearing he was self-employed and earned $300 per week. The mother testified that she earned $100 per week babysitting. The trial court used those income levels in determining the father’s child-support obligation to be $215 per month pursuant to the child-support guidelines. The mother has not argued that the trial court erred in determining the father’s child-support obligation pursuant to the child-support guidelines rather than enforcing the child-support agreement. Therefore, that issue is waived. Pardue v. Potter, 632 So.2d 470 (Ala.1994); Pate v. Billy Boyd Realty & Constr., Inc., 699 So.2d 186 (Ala.Civ.App.1997).
On appeal, the mother argues that the trial court erred in refusing to enforce the child-support agreement from the date of its inception in 1995. The trial court determined that the child-support agreement was enforceable for only the two years preceding the filing of the mother’s paternity petition. The mother contends that the father’s child-support arrearage began accumulating in 1995 and that the trial court should have enforced the agreement to include the installments due for more than the two years before the filing of her petition.
Initially, we note that it is questionable whether the mother asserted this argument before the trial court, thereby preserving the issue for appeal. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”). Although the mother’s attorney once stated that he believed that a statute existed allowing the enforcement of the child-support agreement, he did not make any further argument on this issue before the trial court. The mother did not assert before the trial court the arguments or authorities that are contained in her brief submitted to this court.
Even assuming that the mother properly preserved the issue whether the trial court could properly limit the enforcement of the child-support agreement, we conclude that addressing the mother’s argument on this issue is not required for the resolution of this appeal. Rather, as discussed below, *207 we affirm the trial court’s judgment on the basis that the trial court did not err in determining that the mother had not presented sufficient evidence to support her claim to a greater child-support arrearage than that awarded by the trial court.
With regard to that issue, the mother argues that the trial court erred in its determination of the amount of the father’s child-support arrearage. She contends that the trial court erroneously relied upon the father’s testimony regarding the payments the father contended he had made under the child-support agreement. The mother concedes that it appears that the trial court ordered the father to pay an arrearage of support that had accumulated between late November 2003 and the June 2004 hearing. The trial court ordered the father to pay an arrearage of $1,750,. the equivalent of seven months of support under the child-support agreement. The father conceded he had paid no child support during the approximately seven-month period between late November 2003 and the early June 2004 hearing. In making her argument that the trial court erred in determining the amount of the child-support arrearage, the mother asserts that the trial court, as she characterizes it, awarded the father certain credits against the child-support arrearage for child-support payments he claimed to have made.
The mother is correct that a party seeking a credit against a child-support arrearage must present evidence to support that he or she is entitled to such a credit. See Robillard v. State ex rel. Robillard, 473 So.2d 526 (Ala.Civ.App.1985) (the burden is upon the party seeking a credit against a child-support arrearage to demonstrate that he or she is entitled to such a credit). In this case, however, we do not agree with the mother that the issue is whether the father was entitled to a credit against an alleged child-support arrearage. Rather, after considering the comments made by the trial court during the hearing in this matter, we conclude that the trial court determined that the mother had not met her burden of establishing that a child-support arrearage actually existed.
The burden is on the party asserting a claim for an arrearage to establish that an arrearage does in fact exist. Tanana v. Alexander, 404 So.2d 61, 63 (Ala. Civ.App.1981) (“The [party seeking to establish the arrearage] had both the burden of producing evidence and the obligation to establish the amount of the arrearage.”). In Taruma v. Alexander, the mother sought to establish a child-support arrear-age but failed to present any evidence in support of her claim. The father presented some documentary evidence regarding child-support payments he had made, and he testified that he had lost evidence pertaining to other payments he insisted he had made. The father conceded that, with the exception of one $250 payment, he was in arrears for child-support payments since May 1979. The trial court determined that the father’s child-support ar-rearage accumulated since May 1979 (except for the $250 payment), rather than for the period during which the mother alleged the father had failed to pay child support. This court affirmed the trial court’s judgment, noting that the evidence regarding whether the father had paid child support was in sharp dispute and concluding that the trial court had not abused its discretion in resolving that dispute in the evidence.
In another case, Ehlers v. Howell, 659 So.2d 681 (Ala.Civ.App.1995), the mother testified that the father had failed to pay child support due under a court order. However, the mother presented no documentation in support of her claim seeking to establish a child-support arrearage. *208 The father testified that he had made every required child-support payment but admitted that he had no documentary evidence to support his testimony. The father’s wife testified that she or the father had paid some child support but that those payments did not exceed $2,000. The trial court, relying on the mother’s testimony, determined that the father owed a child-support arrearage totaling more than $36,000; in determining the amount of the arrearage, however, the trial court awarded the father a $2,000 credit. This court affirmed, noting that the evidence presented to the trial court was in direct conflict and that the trial court had, after observing the witnesses as they testified, made a factual determination based on that evidence. This court concluded that, given the ore terms rule, it could not say that the trial court had abused its discretion. Ehl-ers v. Howell, 659 So.2d at 682.
As discussed earlier, in this case, the mother submitted to the trial court an exhibit which she contends sets forth the amounts of child support the father had paid since 1995. The mother did not testify regarding the basis for that exhibit. Rather, in support of that exhibit, the mother submitted a calendar for the two years preceding the filing of her claim. The mother submitted no other evidence pertaining to any other years for which she claims the father failed to pay, or pay all of, the installments due under the child-support agreement. The trial court indicated that it could not rely on the documentary evidence presented by the mother on the issue of the alleged arrearage because the documentation the mother submitted was incomplete. The mother has not challenged that ruling on appeal. In concluding that the mother’s documentation pertaining to her claim seeking to establish a child-support arrearage was not complete, the trial court also noted that the evidence presented by the parties was in direct conflict with regard to whether the father had paid child support in the past in accordance with the terms of the child-support agreement.
In Ehlers v. Howell, supra, the trial court determined the issue in favor of the mother, the party seeking to establish that a child-support arrearage existed; this court affirmed the trial court’s determination that the mother was entitled to recover almost all of the total amount she claimed in past-due child support. In Ta-nana v. Alexander, supra, the trial court awarded the mother a child-support ar-rearage for an amount the father conceded he had failed to pay, and this court affirmed. In this case, the trial court also ruled in favor of the mother, the party seeking to establish the existence of a child-support arrearage, but it did not award the mother the entire arrearage amount she claimed. However, “[t]he trial court heard the evidence, judged the demeanor of the witnesses, and determined the disputed facts.” Ehlers v. Howell, 659 So.2d at 682; Tanana v. Alexander, 404 So.2d at 63. The ore tenus presumption applies to this court’s review of the trial court’s judgment. Ehlers v. Howell, supra; Tanana v. Alexander, supra. The trial court determined that the mother’s documentary evidence was not complete and that, with regard to the existence and amount of a child-support arrearage, it was left only with the direct conflict between the parties’ testimony. The trial court resolved that conflict in the evidence in favor of the father.
The mother has not demonstrated that the trial court erred in determining that the evidence she submitted in support of her claim seeking to establish a child-support arrearage was not sufficiently complete for it to rely upon that evidence or that the trial court erred in resolving the conflict in the remaining evidence pertain *209 ing to the issue of a child-support arrear-age in favor of the father. Given the evidence in the record on appeal and the presumption of correctness afforded the trial court’s judgment, we are unable to conclude that the trial court abused its discretion in determining the amount of the father’s child-support arrearage. See Tenana v. Alexander, supra.
As stated earlier, in reaching its judgment, the trial court relied on the father’s testimony that, with the exception of a period of approximately seven months immediately preceding the judgment, he was current in meeting his obligations under the child-support agreement. The trial court purported to limit its determination regarding the child-support arrearage to the two years preceding the filing of the mother’s petition. However, the trial court’s finding that the mother’s documentation of her claim was not sufficient and its reliance upon the father’s testimony actually governed its calculation of the father’s child-support arrearage. Therefore, for the purposes of this opinion, we need not reach the issue whether the trial court’s purported limitation of the enforcement of the child-support agreement to a period of two years was correct.
AFFIRMED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY, J., concurs in the result, with writing.
MURDOCK, J., dissents, with writing.

. The father did not object to the mother's presentation of evidence regarding the issue of the alleged child-support arrearage. Therefore, we conclude that that issue was tried by the implied consent of the parties. See Rule 15(b), Ala. R. Civ. P.