327 So.2d 721

**Alice Eulene SOLINGER**

**v.**

**Sarah Jean SOLINGER, as Administratrix of the Estate of Elmore ,Rubbin Solinger, Deceased.**

**Civ. 547.**

Court of Civil Appeals of Alabama.

Dec. 10, 1975.

Rehearing Denied Jan. 21, 1976.

226

Bryan, Nelson, Nettles & Cox and J. F. Janecky, Mobile, for appellee.

McDermott & Deas, Mobile, for appellant.

BRADLEY, Judge.

Plaintiff was granted a divorce from her husband, now deceased, by decree of the Circuit Court of Mobile County, Equity Division, on January 31, 1946. Included in the decree was a provision that the husband pay $15.00 per week for the support and maintenance of plaintiff and the minor child born of the marriage; the said amount to be paid to the Register of the Circuit Court.

Thereafter the husband frequently fell into arrears on these payments, and several garnishment proceedings were instituted. On October 16, 1950 the decree was modified to provide that the only payment required of the husband was $7.50 per week alimony. This modification order also determined that the husband was $150 delinquent on past installments, but withheld execution for this sum on the condition that the husband pay the $7.50 weekly.

On September 7, 1973 plaintiff filed a motion showing that the husband died on March 18, 1973, and requesting that the husband's administratrix be substituted for the deceased for purpose of a hearing on the question of arrearages in alimony and child support. Accompanying this motion was a petition to revive:

". . . those judgments accruing as a result of past due and unpaid alimony or child support installments not more than 20 years prior to the filing of this Petition and not less than 10 years prior . . . ."

The petition alleged that no installments had been paid since May 27, 1952.

The motion for substitution was granted, and a hearing was conducted on January 28, 1974. At the hearing documentary evidence including the Register of the Circuit Court's records of payments were intro-

duced. The records stop with a payment of May 27, 1952. Plaintiff then attempted to testify that no payments had been made since then, and administratrix's attorney objected to the testimony on the basis of the dead man's statute. The objection was overruled.

Plaintiff's claims were denied on January 10, 1975. Hence this appeal.

The trial court's rulings are expressly grounded in the determination that there is no arrearage.

Title 7, § 582, Code of Alabama 1940, creates the rebuttable presumption that a judgment has been satisfied if ten years have elapsed since its rendition or last issue of execution. The burden of proving it has not been satisfied rests with the party who would enforce the judgment.

In the present case, plaintiff introduced two items of evidence to rebut the presumption. The first is the court record which shows no payments past May of 1952. The second is her own testimony that no payments were made after that date. The record reveals that no evidence offered by administratrix refuted or contradicted plaintiff's evidence. The question presented is whether plaintiff's evidence alone is sufficient to establish the existence of arrearages, when Title 7, § 582 is taken into account. If so, then the contrary decision below totally lacks support in the proofs and is erroneous.

■ Plaintiff's testimony was properly accepted into evidence because it relates to a collateral matter, not a direct transaction with the deceased, *Hartford Accident & Indemnity Co. v. Kuykendall*, 287 Ala. 36, 247 So.2d 356; *Gilbreath v. Levi*, 268 Ala. 148, 105 So.2d 96.

■ The only other evidence in the record on the question of satisfaction is the ledger sheet from the Register in Chancery. This ledger runs on for several pages showing line-by-line entries of alimony installment payments paid into the registry by the deceased. There are no entries subsequent to May 27, 1952. This document, admitted without objection, is

prima facie evidence that the Register received no payments after that date. The decree of divorce expressly orders that installments "be paid to the Register of the Circuit Court," a provision which remains unmodified. The uncontradicted Register's ledger shows that payments in the prescribed manner ceased in 1952. The record contains no evidence of any out-of-court payments.

In light of what transpired below, we see no evidentiary basis for the trial court's determination that no arrearage exists. The record before us shows uncontradicted prima facie proof that the installments were in arrears for more than twenty years.

▮ The plaintiff correctly notes that claims for installments due twenty years or more prior to the filing of plaintiff's petition for revival are barred by the statute of limitations, Title 7, § 19, Code of Alabama 1940. The claims for installments due more than ten years but less than twenty years are not barred, by statute or by laches, *Morgan v. Morgan,* 275 Ala. 461, 156 So.2d 147, but are subject to the presumption of satisfaction. We hold that this presumption has been rebutted by plaintiff's uncontradicted showing. The installments accruing less than ten years prior to the petition are not even subject to the presumption of satisfaction. As to these recent installments the record offers no contradiction whatsoever to plaintiff's claim.

▮ Where all of the evidence before the trial court sitting without a jury supports the plaintiff, and none of the evidence supports the defendant, a judgment in favor of the defendant is clearly erroneous, *Franklin v. State ex rel. Trammell,* 275 Ala. 92, 152 So.2d 158.

In view of this error, the court's determination that there is no arrearage must be reversed.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.