This is an appeal from a determination of arrearage of child support. The custodial mother appeals, presenting the single issue: Does the father have the burden of proving payment of child support payments that are in dispute?
This issue arises from a factual dispute between the parties as to the amount of arrearage by the father. The evidence was *Page 62 
in sharp dispute. The mother called the father to the stand as an adverse witness and used his cancelled checks to show a balance owing after deducting the cancelled checks from the total support due over the years to be $5,200. She testified that she did not keep records, but her best judgment was that the balance owing after deducting the cancelled checks was the amount of arrearage. She further testified that the father never made cash payments. On the other hand, the father testified that the checks brought to trial were not all the checks he had paid; others were lost during three changes of residence and others had not been returned after an IRS audit. He also testified he had made cash payments and several inter-bank transfers. Further, in his best judgment he was current as of May 1979, but was in arrears from that date to trial except for a $250 payment. The trial court found the husband was in arrears from May 1979, excepting the $250 payment, and set arrearage at $1850. The judgment reflects the following:
 This Court is of the opinion that the burden of proof in this case rests with the petitioner who makes the allegations as stated above. It is the opinion of this Court that the orders for the payment of support in this case is not the kind of judgment which would require the defendant to allege and show satisfaction of either under our cases or statutes when the defendant is brought into Court for his failure to comply with the same as in this case. If these statutes or the logic of some of the cases apply in proceedings of this kind, it is the opinion of the Court that their application starts when a judgment is entered such as the one which is prayed for in this petition. The burden of proof is more important in this case than in most cases, because the plaintiff states that she kept no records of payments, and that she does not know what payments were made, with the exception of the ones for which canceled checks are offered, and she does not know the amount delinquent. The defendant, also, is in almost the same position. He has no records, except canceled checks, and he cannot advise the Court as to exact payments. These transactions have occurred over a long period of time. The defendant admits that he is delinquent in the sum of $1,850.00. This is the only solid evidence which the Court has with reference to the delinquency. In view of the fact that the burden of proof is on the plaintiff, the Court finds that the defendant is delinquent in the sum of $1,850.00 for support which was provided by the final judgment in this case.
It is against the background of the evidence and the quoted portion of the judgment that the mother poses her issue: The father should have the burden of proof to prove amount of arrearage. We disagree with this proposition and affirm.
The mother urges that she should not have the burden of proof upon any of three theories: (1) Each installment payment for child support becomes a final judgment as of the date due, thereby placing the burden on the father to prove satisfaction of a judgment less than ten years old under § 6-9-191, Code (1975) and Grayson v. Schwab, 235 Ala. 398, 179 So. 377 (1938), (2) Payment is an affirmative defense under Rule 8 (c), A.R.C.P. which must be pleaded and proved and (3) Strong public policy calls for the establishment of a rule that the burden of proof should be on the father to prove actual payment of child support.
The first theory rests on two propositions: The first is that each accrued child support payment automatically becomes a final judgment on the date it is due. See generally, 8 Ala. Digest, Key 277 for long line of cases for this general language; the second is that § 6-9-191 places the burden of proof on the person claiming payment of a final judgment less than ten years old. See, Grayson v. Schwab, supra. Therefore, mother argues that father has the burden of proof in proving payment of disputed child support payments which have accrued for less than ten years.
Our supreme court recently analyzed the legal status of past-due and unpaid child support payments in Austin v. Austin,364 So.2d 301, 302 (Ala. 1978); *Page 63 
 Considerable confusion has arisen because of the appellation that past due and unpaid child support and alimony payments are "judgments" or "final judgments." See Andrews v. City National Bank of Birmingham, 349 So.2d 1 (Ala. 1977). It is commonly stated that installment payments decreed in a divorce for alimony or support and maintenance of minor children become final judgments as of the dates due and may be collected as other judgments. See Andrews v. City National Bank of Birmingham, supra; O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969); Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963); Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953) (On Rehearing). The "finality" of these judgments appears to have arisen from those cases which hold that installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963); Scott v. Scott, 265 Ala. 208, 90 So.2d 813 (1956).
 Past due and unpaid alimony or child support payments are not "judgments" for all purposes. For example, in Miles v. Gay, 280 Ala. 131, 190 So.2d 686
(1966), it was held that a lien on the husband's real property for past due and unpaid installment payments of alimony awarded under an Alabama decree could be acquired only be a judicial ascertainment and declaration of the amount past due and filing a proper certificate showing such a judgment.
We find this analysis compelling. We hold, in the context of a custodial parent coming into court seeking a judicial determination of arrearage, that alleged past-due and unpaid child support payments are not "final judgments" for purposes of § 6-9-191 until there has been a judicial ascertainment and declaration of the amount past due. Thus, the mother's reliance on statutory presumptions regarding satisfaction of a judgment falls; there is no "judgment" to satisfy. This result is buttressed by the recent language of this court in Littlefieldv. Cupps, 371 So.2d 51, 52 (Ala.Civ.App. 1979), that judgments referred to in § 6-9-191 are "those capable of being executed — i.e., those which are complete, entire, final, in which both liability and damages have been finally determined."
The mother's second contention is that payment is an affirmative defense which must be proved. We have no quarrel with this proposition but do not find it dispositive of the case. Having held that alleged past-due and unpaid child support payments are not judgments until there has been a judicial determination of the amount due, the general rule of allocation of burden of proof set out in King v. Aird, 251 Ala. 613,618, 38 So.2d 883, 888 (1949) governs:
 The burden in the sense of the duty of producing evidence may pass from party to party as the case progresses but the burden of proof meaning the obligation to establish the truth of a given proposition or issue rests throughout the trial upon the party asserting the affirmative of the issue and unless he meets this obligation upon the whole case, he fails. The burden of proof never shifts during the course of the trial.
The mother had both the burden of producing evidence and the obligation to establish the amount of the arrearage. She put on a prima facie case of amount of arrearage, and the father assumed the burden of producing evidence to rebut the amount of arrearage. Without rehashing the evidence, it is clear that the evidence was in sharp conflict as to amount of arrearage. The trial court heard the evidence, judged the demeanor of the witnesses and determined the disputed facts. Under the oretenus rule, we cannot say the determination was plainly and palpably wrong. Stated differently, we are unable to find the trial court abused its discretion in finding the mother did not satisfy the burden of proving the amount of arrearage at $5,200.
The mother's contention that strong public policy grounds call for establishing a rule that the burden of proof should be on the father to prove payment is likewise unavailing. While not directly stated, it *Page 64 
appears the primary thrust of this contention is that the father's proof should be entirely documentary, with items such as cancelled checks, payment through the court, receipts for cash and the like. Certainly this is the best method of proof and may forestall swearing matches, but we are not persuaded that such should be the only method of proving payment of child support.
The mother's request for an attorney's fee is denied. §30-2-54, Code (1975), Scott v. Scott, 375 So.2d 797
(Ala.Civ.App. 1979).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.