BRADLEY, Presiding Judge.
This is a contempt of court case for failure to pay child support.
Gary Leon Derringer (husband) and La-nelle B. Beadlescomb (wife) were divorced in August 1975. In its divorce decree the trial court awarded the wife custody of the couple’s two minor children and ordered the husband to pay thirty percent of his gross income to the wife. On November 12, 1987 the wife filed a petition in the Circuit Court of Autauga County, seeking to have the husband held in contempt for failure to pay child support. The circuit court held a hearing on December 14, 1987 and issued an order finding the husband in contempt on January 11, 1988. The court determined that the husband owed $27,425 to the wife in past-due child support payments. It ordered the husband to pay the arrearage in installments of $125 per month. Thereafter the husband filed a motion for reconsideration which was denied on May 5, 1988. This appeal followed.
The husband does not challenge the finding of contempt. He argues only that the trial court erred in calculating the amount of the arrearage. We agree and remand the case to the trial court for recalculation of the amount due.
The record reveals the following pertinent facts.
The couple’s youngest child reached the age of majority in 1985. The parties stipulated that: (1) the husband’s gross income for the years 1975-85 was $136,011.52; and (2) thirty percent of that amount is $40,-803.45. The husband introduced cancelled checks and other receipts in a total amount of $11,530, representing payments made to the wife during the years 1981-85. The husband also presented evidence that he had paid $983 in medical bills and $1,865 in orthodontic bills on behalf of the children. The wife testified that the husband had paid child support to her from 1975 through 1980. She gave estimates of the total amount paid for each of those years. The husband testified that he had “never missed a support payment.” However, he had no receipts for the years 1975-1980 and could not state the exact amount he had paid.
In its order finding the husband in contempt, the trial court entered a judgment against the husband in the amount of $27,-425. The court stated that this sum gave the husband credit for the medical and *36 orthodontic bills paid but did not otherwise explain how the court arrived at this figure. Apparently the trial court also gave credit for a portion of the amount paid from 1981 through 1985 as evidenced by cancelled checks. Subtracting this amount ($11,530), along with the medical bills ($983), and the orthodontic bills ($1,865) from the total amount allegedly due ($40,-803.45) yields an amount of $26,425.45. The court did not explain the one thousand dollar discrepancy between this amount and the amount of the judgment. More importantly, the trial court gave the husband no credit for child support paid prior to 1981.
The uncontroverted evidence in the record shows that the husband paid the wife some child support during the years 1975-80. The wife testified as such and gave estimates of the amount paid each year. We are unable to find any evidence in the record to refute this testimony. In view of this uncontroverted evidence, the trial court abused its discretion by failing to give the husband credit for child support paid prior to 1981. Shaddix v. Shaddix, 447 So.2d 808 (Ala.Civ.App.1984).
The husband also contends that he should not be required to pay any arrear-age due for the years 1975-77 because of the presumption that a judgment more than ten years old has been paid. § 6-9-191, Code 1975. We disagree. This argument rests on the assumption that a child support payment becomes a “final judgment” on the date it falls due. However, past-due child support payments are not final judgments for all purposes. Austin v. Austin, 364 So.2d 301 (Ala.1978). In Tanana v. Alexander, 404 So.2d 61 (Ala. Civ.App.1981), this court held that:
“[I]n the context of a custodial parent coming into court seeking a judicial determination of arrearage, ... alleged past-due and unpaid child support payments are not ‘final judgments’ for purposes of § 6-9-191 until there has been a judicial ascertainment and declaration of the amount past due.”
Therefore, the child support payments which came due in the years 1975-77 did not become “final judgments” until the court below issued its order in January 1988 declaring them to be past due. Thus, the payments are not subject to the presumption of satisfaction found in section 6-9-191.
The husband’s third and final contention is that the trial court erred in awarding the wife thirty percent of his gross income for the entire year of 1975. We agree. The divorce decree was issued on August 30, 1975. The husband may not be held in contempt of court for failure to pay child support prior to the date of the divorce decree, because at that time there was no court order for the husband to disobey. On remand, the trial court should determine what portion of the husband’s 1975 income was earned after the date of the decree. Thirty percent of that amount, not thirty percent of the husband’s entire earnings for 1975, is the proper measure of the child support due for 1975.
In her brief the wife contends that the trial court erred in several respects. However, an appellee seeking affirmative relief must do so by means of cross-appeal. Hodges v. Nelson, 370 So.2d 1020 (Ala.Civ. App.1979); A.R.A.P. 4(a)(2). The wife did not file a cross-appeal. Thus the issues raised by the wife are not properly before this court and will not be considered or addressed.
That aspect of the trial court’s judgment assessing husband with an arrearage of child support is reversed and the cause is remanded for recalculation and assessment of arrearage.
REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.