ROBERTSON, Presiding Judge.
The parties were divorced in 1974. In 1979 the wife was awarded a judgment in the amount of $7,800 for child support ar-rearage. In 1991 the wife filed a petition to modify, alleging inter alia that the child support payments were inadequate to provide for the parties’ son to attend college, and that the father failed to make payment in full of the prior judgment of arrearage. The mother requested that the husband’s child support obligations be increased in accordance with Rule 32, A.R.J.A.; that the payments continue during the time that the son is enrolled in college; that the husband be ordered to make payment in full of all past due amounts of child support plus interest; and that the trial court order the husband to pay the wife’s attorney fees.
After an ore tenus proceeding, the trial court entered a judgment which in part provided:
“1. That James L. Hines (father) is ordered to pay to Barbara F. (Hines) Cunningham (mother) the sum of $200 each month of each year, beginning on the 1st day of May 1992, for a maximum of four years, for reimbursement of expenses with respect to the room and board of [the son],
“2. The father is ordered to pay all tuition, school fees, and book expenses, beginning in May 1992, or in the alternative, to reimburse the mother for all such funds expended by her, as such expenses are expended for the education of [the son], for a maximum of four years.
[[Image here]]
“5. The father’s obligation shall not exceed the then prevailing rates for an instate student at the University of Alabama in Huntsville (UAH). The reference to UAH is not intended to direct that [the son] must actually attend UAH, but rather provides a reference for the father’s maximum financial obligation under this order.
[[Image here]]
“8. The unpaid balance of $5,960.77, for principal and interest owed through April 13, 1992, on the judgment entered by this court against [the father] and in favor of [the mother] on the 7th day of May 1979, in the original amount of $7,800 for accrued child support and maintenance, is revived against [the father]. [The mother] shall have and recover of [the father] a final money judgment of $5,960.77.
“9. The court further awards a final money judgment against [the father] and in favor of [the mother] in the amount of $5,850 for payment of the [mother’s] attorneys’ fees.”
On appeal, the father contends that the trial court abused its discretion in ordering him to pay post-minority support for college expenses for the son; that the trial court erred in ordering him to pay $5,960.77 to the mother, representing the balance and interest on the 1979 judgment; and that the trial court erred in awarding an attorney’s fee to the mother.
The father first contends that the trial court abused its discretion in ordering him to pay for post-minority support and college expenses for the son and argues that the trial court’s order would cause him undue hardship. The father cites Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990), in support of his contention.
The record reflects that the father is a banker and that the mother is a self-employed beautician. The mother’s net profits from her beauty shop were $8,095 in 1990, and the father’s 1990 W-2 form indicates an adjusted gross income of $39,500. The child support obligation income statement indicates that the father’s employment income is $3,423.33 per month and that the mother’s self-employment income is $671.58 per month. The mother and the father have both remarried. The father’s wife is a secretary, and the mother’s husband is a contractor, but he does not work full time due to poor health. The father testified that he is in need of dental work; that he has a substantial amount of debt; and that he was unemployed for one year. The father further testified that he owns property in Huntsville and that the equity in that property is $43,000. He testified that payments on the property are $715.12 per month, and he receives rental income on the property in the amount of $575. *397 The father also testified that he does not have a college degree; that he wants his son to receive a college degree, but that he had not contributed to the son’s college education prior to the trial.
The father does not question the child’s commitment to and aptitude for a college education. The record reflects that the son earned four A’s and made the President’s List during the fall semester of 1991 at John C. Calhoun State Community College. The son testified that he is pursuing a major in electrical engineering and will transfer to the University of Alabama in Huntsville after completing the basic requirements at Calhoun. At the time of trial, the son was in his third quarter in school and lived with the mother.
We are mindful that the term “undue hardship” does not mean without any personal sacrifice. Thrasher. Also, child support for a child's college education is a matter within the trial court’s discretion, and this court will reverse only upon a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Thrasher. After thoroughly reviewing the record, while there may be some temporary personal sacrifice on the father, we cannot hold that the trial court abused its discretion, or that the trial court’s judgment ordering the father to pay certain post-minority support for four years for the son’s college education is plainly and palpably wrong.
The father next argues that the trial court erred in reviving the judgment of arrearage. The record reflects that it had been over ten years since the judgment for $7,800 was entered. The mother testified that the father had paid $6,000 of that judgment in the form of certificates of deposit and that the father still owed $1,800 on the 1979 judgment. According to the record, the father made yearly payments of $1,000 each beginning in January 1980, and ending in January 1985. Also, the mother testified that the total of $5,960.77 included interest on the judgment balance from 1979 through 1992. Although the father did not present any evidence of payments, and had no record of the full amount being paid, he testified that he had paid the 1979 judgment in full. “The trial judge heard and observed the witnesses and was therefore in a better position than we are to evaluate the testimony.” Malcom v. Wilson, 534 So.2d 241, 243 (Ala.1988).
The father also cites § 6-9-191, Code 1975, which provides that:
“If ten years have elapsed from the entry of the judgment without issue of execution, or if 10 years have elapsed since the date of the last execution issued, the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff.”
The mother cites § 6-9-192, which provides that a judgment may be revived by appropriate motion or action. She contends that she made an appropriate motion to revive the judgment by requesting an accounting of child support paid, and by requesting the trial court to order the father to make payment in full of all past due amounts plus interest. We find that the mother, by appropriate motion, revived the 1979 judgment and that there was competent and sufficient evidence before the trial court to determine that the 1979 judgment had not been satisfied; thus, the mother overcame the statutory presumption of satisfaction.
Last, the father contends that the trial court erred in awarding the mother an attorney’s fee. The father cites no authority to support his arguments on this issue. See Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988). We cannot hold that the trial court abused its discretion in the award of an attorney’s fee to the mother. Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App.1984).
For the foregoing reasons, the judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.