CRAWLEY, Judge.
In 1995, Russell County filed a complaint for declaratory relief and a temporary injunction, seeking a declaration of the rights of the parties to use, control, and maintain a road that ran over lands owned by Cattle Valley Farms, Inc., and C.C. Lamb (collectively referred to as “Lamb”). That case was assigned number CV-95-5005. The trial court determined that the road was a public road, set the boundaries of the road, and enjoined Lamb from obstructing access to the road. Lamb appealed to this court, which affirmed the judgment without opinion. Cattle Valley Farms, Inc. v. Russell County, (No. 2940647) 680 So.2d 384 (Ala.Civ.App.1995) (table).
In August 1997, Lamb filed a “Complaint for Compensation and Ejection from Property under Adverse Possession” against Russell County, the Russell County Utility Department, and the Lindsey Estate (collectively referred to as “Russell County”). The case was assigned number CV-97-5045. Russell County filed a motion to dismiss, which the court set for hearing on November 14, 1997. On November 5, 1997, in case number CV-97-5045, Lamb filed a Rule 60(b) motion for relief from the trial court’s February 1995 judgment in case number CV-95-5005.
After the hearing on November 14, of which there is no transcript contained in the record, the trial court dismissed Lamb’s complaint, based upon the County’s res judicata argument. The record does not reflect that the Rule 60(b) motion filed by Lamb was ever ruled upon by the trial court. Lamb appealed to the Alabama Supreme Court, *723 which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
An appeal ordinarily lies only from the entry of a final judgment. Ala.Code 1975, § 12-22-2. The Rule 60(b) motion, as far as it appears from the record, remains pending in the circuit court. In addition, we note that the Rule 60(b) motion was filed in the wrong case. The motion should have either been filed as an independent action or in case number CV-95-5005. See Rule 60(b) and Rule 60(b) committee comments.
All of Lamb’s arguments on appeal concern the “denial” of his Rule 60(b) motion and his argument that the original case (number CV-95-5005) was “tried in the wrong court”; that is, his counsel argues on appeal, the original case should have been' conducted as an eminent domain proceeding in the probate court, and, therefore, the original judgment is void because the circuit court lacked jurisdiction. We cannot reach this argument because, as noted above, the record does not reflect that the trial court has ruled on the Rule 60(b) motion and because it was filed in the wrong ease.
DISMISSED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.