MOORE, Judge.
Elizabeth Ellen Willey (“the former wife”) appeals from a judgment of the Jefferson Circuit Court (“the trial court”) dismissing her petition for a rule nisi, in which she asserted that Allen Edward Wil-ley (“the former husband”) had faded to pay alimony as ordered in a judgment divorcing the parties. We affirm the trial court’s judgment in part, reverse it in part, and remand the cause with instructions.

Procedural History

The parties were divorced on or about December 12, 1975; the divorce judgment incorporated an agreement of the parties that included, among other things, the following language with regard to alimony:
“2. The [former husband] shall pay to the [former wife] as alimony the sum of $2,500.00 on or before December 15, 1975, and commencing on January 1, 1976, the sum of $1,000.00 and on January 15, 1976, the sum of $1,000.00; thereafter the [former husband] shall pay $1,000.00 on the first and fifteenth of each month thereafter until the [former wife] shall remarry or die, whichever shall first occur. The [former husband] shall pay to the [wife] as additional alimony commencing on March 31, 1976, and on the last day of each quarter thereafter, the sum of $3,000.00. The [former husband’s] total annual alimony payment hereunder to equal $36,000.00 per annum for the year 1976 and thereafter.”
On February 4, 1982, the parties consented to the entry of a judgment against the former husband in the amount of $14,000, with interest, which amount represented the amount of unpaid alimony that had accrued before November 25, 1981. On May 4,1982, the parties entered a “consent decree of modification,” in which they agreed to modify the settlement agreement incorporated into the divorce judgment as follows:
“1. Paragraph 2 of the Property Settlement Agreement made a part of the Final Judgment of Divorce, relating to payment of alimony, is modified to provide that [the former husband] shall pay to [the former wife] $500.00 on the twentieth day of each month, commencing on April 20, 1982. Further, in 1983, 1984, *877 and 1985, [the former husband] shall make an annual payment of alimony to [the former wife] of $2,500.00 subject however to a maximum payment of $15,000.00 per annum as hereinafter provided. Each such annual payment shall be made on or before January 30th of those years.
“Commencing with the 1982 tax year, [the former husband] shall submit a copy of his Federal income tax return to [the former wife], at the same time as such return is due to be filed with the Internal Revenue Service. For any year in which [the former husband’s] gross income equals or exceeds $100,000.00, as reflected on his Federal income tax return, the alimony owed to [the former wife] shall escalate to 10% of [the former husband’s] gross income for that year. Any payment necessary to satisfy the difference between 10% of [the former husband’s] gross income for the year and the amount of alimony otherwise accruing and paid during that year, shall be made within sixty days of the date on which [the former husband’s] tax return is required to be filed with the Internal Revenue Service. In any event, the amount of alimony to be paid to [the former wife] shall not exceed $15,000.00 annually.

((

“3. [The former wife] waives the ar-rearage in alimony payments accruing after November 25, 1981, and prior to April 19,1982.”
On September 19, 2014, the former wife filed a petition for a rule nisi, asserting, among other things, that the former husband had failed and/or refused to pay alimony as ordered and that he owed an alimony arrearage of over $313,681.86. The former husband filed a motion to dismiss on December 9, 2014, asserting that the former wife’s claims were barred by the applicable statute of limitations. The trial court granted the former husband’s motion to dismiss on December 24, 2014. The former wife filed a postjudgment motion on January 19, 2015. The former husband filed a response to the former wife’s postjudgment motion on February 24, 2015. On April 10, 2015, following a hearing, the trial court entered an order denying the former wife’s postjudgment motion. The former wife filed her notice of appeal to this court on May 19, 2015.

Standard of Review

“On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] -is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).

*878
Discussion

The former husband argued in his motion to dismiss that the former wife’s petition was barred by the applicable statute of limitations. Section 6-2-32, Ala.Code 1975, provides that actions upon a judgment entered by any court of this state must be commenced within 20 years of the entry of the judgment. The former husband argues that, because the former wife’s action for unpaid alimony was commenced on September 19, 2014, over 20 years after the entry of the December 12, 1975, divorce judgment, her petition was barred by the operation of § 6-2-32. We note, however, that “each installment of periodic alimony' awarded in a final judgment creates a final judgment on the date the obligation is due.” Johnson v. Johnson, 191 So.3d 164, 172 (Ala.Civ.App.2015). Thus, the date of each installment of alimony that became due, rather than the date of the original divorce judgment, as argued by the former husband, is what we must look to in order to determine whether the former wife’s claims are barred by the statute of limitations. The former wife concedes on appeal that, with regard to her claims for alimony installments that were due more than 20 years before the filing of her rule nisi petition, those claims would be barred by the 20-year statute of limitations. Thus, the trial court’s dismissal is affirmed as to those claims for alimony installments that were due and owing before September 19, 1994, With regard to those installments that accrued after September 19, 1994, however, the former wife’s claim for recovery is not barred by § 6-2-32. See Morgan v. Morgan, 275 Ala. 461, 464, 156 So.2d 147, 150 (1963) (indicating that recovery for child-support installments that became due within 20 years of filing petition seeking an arrearage on those installments was not barred by statute or by laches).
 In her postjudgment motion, the former wife raised a number of additional issues. In his response to that motion, the former husband asserted that those issues further supported the trial court’s dismissal of the wife’s petition. The trial court did not indicate -in its order denying the former wife’s postjudgment motion whether it had considered the new arguments raised by both the former wife and the former husband. Additionally, although a hearing on the .postjudgment motion was conducted, at which oral arguments were heard, a transcript of that hearing does not appear in the record on- appeal. Typically, an appellate court will not presume that a trial court considered a new legal argument raised in a postjudgment motion, although, the trial court has the discretion to do so. See Espinoza v. Rudolph, 46 So.3d 403, 416 (Ala.2010). We note, however, that, although we have concluded that the trial court erred in dismissing, in part, the former wife’s claim regarding the former . husband’s alimony arrearages based on the statute of limitations, “this court may affirm a correct judgment of the trial court for any reason, even if the trial court did not consider that reason in making its ruling.” K.L.R. v. L.C.R., 854 So.2d 124, 129 (Ala.Civ.App.2003). Accordingly, we must consider the merits of the arguments raised by the parties in the former wife’s postjudgment motion and the former husband’s response to that motion and again on appeal. See, e.g., DWOC, LLC v. TRX Alliance, Inc., 156 So.3d 978, 983 (Ala.Civ.App.2014).
In her postjudgment motion, the former wife cited Ala.Code 1975, § 6-9-191, which addresses the revival of judgments and provides that, “[i]f 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last execution issued, the judgment must *879 be presumed satisfied, and the burden of proving it not satisfied is .upon the plaintiff.” ■ She also cited Ala.Code 1975, § 6-9-192, which provides that a judgment on which an execution has not been made within 10 years of its entry may be revived by appropriate motion or action. The former wife then cited Hines v. Cunningham, 622 So.2d 395, 397 (Ala.Civ.App.1993), in which this court determined thát, in accordance with § 6-9-192, the mother in that case had appropriately revived an arrear-age judgment that had 'been entered over 10 years before she had filed her petition requesting an accounting and payment of the arrearage. In the present case, the former wife argued that, like in Hines, she had revived the 1975 divorce judgment such that she should be permitted the opportunity to present evidence to rebut the presumption in § 6-9-191. On appeal, the former wife asserts that her claim for installments of unpaid alimony that accrued after September 19, 1994, but before September 19, 2004, are subject to the presumption of satisfaction outlined in § 6-9-191.
In response to the former wife’s post-judgment motion, the former husbánd argued, as he again argues on appeal, that the former wife had failed to properly revive the divorce judgment that had made the alimony award and that, because the divorce judgment had been entered more than 10 years before the former wife filed her, petition for a rule nisi, the divorce judgment could not be revived in accordance with § 6-9-192. Specifically, he asserts that “[t]he statute requires that the date of the judgment entry ... not the date upon which the payments are made or due to be made is the basis for revival.” The former husband argues that, pursuant to Ala.Code § 6-9-190, which provides that “[a] judgment cannot be revived after the lapse of 20 years from its entry,” the former wife is barred from reviving the alimony award from the original divorce judgment. As stated previously, however, it is settled law in this state that past-due installments of alimony create final money judgments on the dates that those installments become due. See Johnson, supra. Thus, contrary to the former husband’s argument, the relevant time from which § 6-9-191 operates is the time each of the installments of alimony became due.[1]
Before Hines was decided in 1993, this court addressed a case with circumstances similar to those in the present case. In Salinger v. Salinger, 57 Ala.App. 225, 227, 327 So.2d 721, 722 (Ala.Civ.App.1975), a divorce judgment that had been entered on January 31, 1946, required the husband in that case to pay to the wife $15 per week for - the support and maintenance of the wife and the parties’ minor child; that judgment was later modified on October *880 16, 1950, to provide that the husband was required to pay $7.50 per week in alimony. The wife filed a motion on September 7, 1973, showing that the husband had died and requesting a determination of his alimony arrearage; the motion indicated that the husband had failed to pay any installments of alimony since May 27, 1952, and the wife presented uncontroverted evidence indicating the same. Id. This court reversed the trial court’s determination that no arrearage was due, stating, in pertinent part:
“The [wife] correctly notes that claims for installments due twenty years or more prior to the filing of [her] petition for revival are barred by the statute of limitations, Title 7, § 19, Code of Alabama 1940. The claims for installments due more than ten years but less than twenty years are not barred, by statute or by laches, Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 [ (1963) ], but are subject to the presumption of satisfaction. We hold that this presumption has been rebutted by [the wife’s] uncontra-dicted showing. The installments accruing less than ten years prior to the petition are not even subject to the presumption of satisfaction. As to these recent installments the record offers no contradiction whatsoever to [the wife’s] claim.’-’
57 Ala.App. at 228, 327 So.2d at 723. In Solinger, this court applied the predecessor to § 6-9-191 in determining that the presumption of satisfaction in that statute applied to the alimony arrearage at issue in that case. See Alred v. State ex rel Hill, 603 So.2d 1082, 1084 (Ala.Civ.App.1992). Similarly, we conclude that the presumption of satisfaction in § 6-9-191 applies to the former wife’s claim for installments of unpaid alimony that accrued after September 19, 1994, but before September 19, 2004.
In Hines, supra, this court concluded that, because the mother in that case had made a motion to revive a 1979 judgment that had established the father’s child-support arrearage by requesting an accounting of the child support that had been paid by the father and by requesting that the trial court order the father to make payment in full of all past-due amounts plus interest, she had revived the 1979 judgment by appropriate motion. 622 So.2d at 397. This court further determined that there was competent and sufficient evidence before the trial court to determine that the arrearage judgment had not been satisfied and, thus, that the mother had overcome the statutory presumption of satisfaction. Id.
In- Davis International, Inc., ex rel. Patel v. Berryman, 730 So.2d 242, 243-45 (Ala.Civ.App.1999), cited by the former husband on appeal, this court affirmed an order entered by the trial court in that case, which set aside a previous order that had been entered by the trial court that had granted a motion to revive a judgment that had been entered over 10 years before the motion to revive had been filed. This court affirmed the trial court’s order setting aside the order granting the motion to revive the judgment because we concluded that, when the trial court entered the order reviving the judgment, there was no evidence before the court to establish that the judgment had not been satisfied. Id. at 245. In the present case, we agree with the former wife that, based on Hines, she made an appropriate motion in an attempt to revive the judgments that had accrued on the past-due installments of alimony between September 19, 1994, and September 19, 2004. In accordance with Davis International, however, the former wife was required to present evidence in order to overcome the presumption outlined in § 6-9-191. See also Gambill v. Cassimus, 247 Ala. 176, 177, 22 So.2d 909, 910 (1945). *881 Although the former wife did not attach any exhibits to her petition for a rule nisi indicating that the judgments resulting from the unpaid alimony installments that had accrued between September 19, 1994, and September 19, 2004, had not been paid, the trial court had not yet ruled on her attempt to revive the judgments. Thus, this case is distinguishable from Davis International, in which this court merely determined that the premature granting of the motion to revive without evidence overcoming the presumption amounted to reversible error. In the present case, the trial court granted the former husband’s motion to dismiss the former wife’s rule nisi petition in its entirety. We conclude, however, that, viewing the allegations of the former wife’s petition in her favor, as we must, see Nance, supra, the former wife could have presented evidence overcoming the presumption in § 6-9-191 such that she could appropriately revive the judgments accruing as a result of the former husband’s purported failure to make alimony payments as ordered from September 19, 1994, to September 19, 2004. Accordingly, we reverse the trial court’s dismissal of those claims and remand the case for the trial court to, among other things, make a determination whether the former wife has overcome that presumption.
Because the former wife’s claims regarding the former husband’s failure to pay alimony as ordered from September 19, 2004, to the filing of her rule nisi petition on September 19, 2014, are not barred by the statute of limitations, laches, or the revival statute, we reverse the trial court’s judgment dismissing those claims and we remand the case for further proceedings consistent with this opinion. As noted earlier, the trial court’s dismissal is affirmed as to those claims for alimony installments that were due and owing before September 19,1994.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We note that this court determined in Tanana v. Alexander, 404 So.2d 61, 63 (Ala.Civ.App.1981), that past-due and unpaid child-support payments are not "final judgments” for purposes of § 6-9-191 until there has been a judicial ascertainment and declaration of the amount past due and that the reasoning in that case could , equally be applied to past-due and unpaid alimony payments. However, in reaching our conclusion in Tanana, this court relied on the statements of our supreme court in Austin v. Austin, 364 So.2d 301, 302 (Ala.1978), that past-due and unpaid child-support and alimony payments are not “judgments” for all purposes. Austin was effectively -overruled, however, by ' our supreme court's decision in Ex parte Morgan, 440 So.2d 1069, 1072 (Ala.1983), in which our supreme court reaffirmed that a past-due installment of alimony creates a final money judgment on the date it becomes due. Moreover, Tanana has not heretofore been applied in the context of past-due and unpaid alimony payments like those at issue in the present case. For these reasons, we decline to apply the reasoning and conclusions expressed in Tanana in the present case.