THOMAS, Judge.
In August 2015, Kerry Hardy ("the father") filed a complaint in the Coffee Circuit Court ("the trial court") to modify the child-custody provisions of a 1998 judgment, as amended, divorcing him from Kimberly Dawn Johnson ("the mother"). The mother moved to dismiss the father's complaint, but her motion was denied; on November 30, 2015, she answered the complaint and filed a counterclaim in which she sought the establishment of a child-support arrearage and a finding of contempt against the father for his failure to pay child support. After a trial held on June 21, 2016, the trial court entered a judgment on June 23, 2016, awarding the father custody of the parties' child, holding the father in contempt for his failure to pay child support, and ordering the father to pay $2,500 toward the mother's attorney fees. The June 2016 judgment established a $81,945 child-support arrearage and specifically determined that an arrearage judgment entered in 2000 had determined that the father had accumulated a child-support arrearage of $7,200, that the father had not paid anything toward the 2000 arrearage judgment, and that the father had not paid child support for a total of 151 months between December 2002 and July 2015.[1]
On August 17, 2016, the mother filed a process of garnishment. The father filed a Rule 77(d), Ala. R. Civ. P., motion for extension of time to appeal on August 30, 2016. The trial court denied the father's motion.
On September 30, 2016, the father filed a motion that he styled as a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate ("the Rule 59 motion") the June 23, 2016, judgment. In the Rule 59 motion, he argued, among other things, that the trial court had erred by failing to order the mother, who was incarcerated in a federal prison on the date of the June 2016 judgment, to pay child support and that certain of the child-support installments that the trial court had included in the computation of the arrearage were presumed to have been satisfied by the operation of Ala. Code 1975, § 6-9-191, which provides that a judgment is presumed to have been satisfied after the lapse of 10 years.[2] On the same date, the father filed a "Motion to *619 Partially Satisfy Judgment," in which he asserted again that, under § 6-9-191, the 2000 arrearage judgment and any child-support installment that had become due before December 2005[3] were presumed to have been satisfied.[4] In addition, the father requested that the motion to partially satisfy the judgment be tried by a jury, as permitted by Ala. Code 1975, § 6-9-180. The father also filed a motion to stay the garnishment on September 30, 2016.
The trial court denied the Rule 59 motion on September 30, 2016, stating in its order that the motion had been untimely filed. On that same date, the trial court also denied the motion to partially satisfy the judgment. After permitting the mother to file a response to the motion to stay the garnishment, the trial court denied the father's motion to stay the garnishment on October 5, 2016. On November 8, 2016, the father filed a notice of appeal.
On appeal, the father asserts three arguments. His first argument is that the trial court erred by denying the Rule 59 motion insofar as that motion sought to have the trial court order the mother to pay child support despite her incarceration. His second argument is that the trial court erred by denying his motion to partially satisfy the judgment because, he says, portions of the child-support arrearage were presumed satisfied by operation of § 6-9-191 and, he further contends, he was entitled to a jury trial on the issue of the satisfaction of the judgments under § 6-9-180. Finally, the father argues that the trial court erred by denying his motion to stay the garnishment.
*620 The father's appeal, insofar as it seeks review of the denial of that portion of the Rule 59 motion regarding the trial court's failure to order the mother to pay child support, is untimely. The Rule 59 motion sought an amendment of the June 2016 judgment to include an award of child support. Nothing in that portion of the Rule 59 motion could be said to be a Rule 60(b), Ala. R. Civ. P., motion, which would have been timely filed. That is, the father did not seek relief from that portion of the June 2016 judgment failing to order the mother to pay child support based on excusable neglect; based on newly discovered evidence; based on fraud, misrepresentation, or other misconduct; based on voidness; based on satisfaction or release of the judgment or the reversal of a prior judgment on which the June 2016 judgment was based; or for any other reason justifying relief from the judgment. See Rule 60(b). As it properly concluded, the trial court lacked jurisdiction to amend the June 2016 judgment on the father's untimely postjudgment motion because the Rule 59 motion was filed more than 30 days after the entry of the June 2016 judgment. See Rule 59(e), Ala. R. Civ. P. (requiring that a postjudgment motion seeking to alter, amend, or vacate a judgment be filed within 30 days after the entry of the judgment). Moreover, the father's untimely Rule 59 motion did not toll the time for filing a notice of appeal from the June 2016 judgment. See Greer v. Greer, 516 So.2d 719, 720 (Ala. Civ. App. 1987). Because the father failed to timely appeal the June 2016 judgment within 42 days of its entry, see Rule 4(a)(1), Ala. R. App. P., we cannot review the propriety of the provisions relating to child support in the June 2016 judgment. See Greer, 516 So.2d at 720. Insofar as the father seeks such review, his appeal is dismissed.
We turn now to the father's request for review of the denial of his motion to partially satisfy the judgment. He contends that he brought his motion pursuant to § 6-9-180, which provides: "If the motion or application is to enter satisfaction of a judgment under the Alabama Rules of Civil Procedure or to set aside the entry of satisfaction of a judgment, on request of either party, the issue of fact must be tried by a jury." Thus, he argues, the trial court erred by denying his motion without first holding a trial on the matter before a jury.
A motion seeking to declare a judgment satisfied under § 6-9-180 appears to be akin to or in the nature of a Rule 60(b)(5), Ala. R. Civ. P., motion.[5] Rule 60(b)(5) provides that a trial court may relieve a party from the effect of a judgment if "the judgment has been satisfied, released, or discharged ...." In addition, we note that " Rule 60(b)(5) applies only when 'new facts or new law arises after the original judgment is entered ....' " Anderson v. Anderson, 686 So.2d 320, 323 (Ala. Civ. App. 1996) (quoting Pollard v. Etowah Cty. Comm'n, 539 So.2d 225, 228 (Ala. 1989), and Satterfield v. Winston Indus., Inc., 553 So.2d 61, 63 (Ala. 1989) ). When the issue is a purely legal one, the denial of a motion made pursuant to Rule 60(b)(5) is reviewed de novo; however, as a general rule, and when a trial court is *621 required to weigh the facts or make credibility determinations, the denial of a Rule 60(b)(5) motion is reviewed under the abuse-of-discretion standard. See Antoine v. Oxmoor Preservation/One, LLC, 130 So.3d 1204, 1217 (Ala. Civ. App. 2012).
Generally, both a Rule 60(b)(5) motion and a motion made under § 6-9-180 must be directed to the judgment in the case in which the motion was filed.[6] See Cattle Valley Farms, Inc. v. Russell Cty., 718 So.2d 722, 723 (Ala. Civ. App. 1998) (explaining that a Rule 60(b) motion seeking relief from a particular judgment should be filed in the case in which that judgment was entered); see also EB Invs., L.L.C. v. Atlantis Dev., Inc., 930 So.2d 502, 508 (Ala. 2005) ("[T]he typical approach for attacking a judgment under Rule 60(b) is by filing a motion in the court that rendered the judgment ...."). The father's motion to partially satisfy the judgment under § 6-9-180 was filed in the present action; however, the father's motion did not seek to establish that the June 2016 judgment had been partially satisfied. Instead, the father asserted that, by virtue of the presumption created by § 6-9-191 that judgments more than 10 years old are presumed satisfied, any child-support installments that were due between December 2002 and December 2005 (see note 3, supra) and the 2000 arrearage judgment were presumed to have been satisfied and, therefore, that the trial court had erred in determining that those pre-2005 child-support installments should be included in the total child-support arrearage computed in the June 2016 judgment. Thus, the father was seeking to have the trial court reconsider its calculation of the child-support arrearage in the June 2016 judgment as opposed to having the trial court declare that the father had taken some action after the entry of the June 2016 judgment to satisfy that judgment. We therefore conclude that the father's motion to partially satisfy the judgment was not a proper motion entitling the father to relief under either § 6-9-180 or Rule 60(b)(5).
Furthermore, the father's argument regarding the application of § 6-9-191 should have been made in the trial court before the entry of the June 2016 judgment calculating his total child-support arrearage.[7] The mother's counterclaim, in which she requested that the trial court award her a total child-support arrearage based on the father's failure to pay the 2000 arrearage judgment and child-support installments that came due after the entry of the 2000 arrearage judgment, was sufficient to serve as a motion to revive the 2000 arrearage judgment and the past-due child-support installments that came due before December 2005 (see note 3, supra) under Ala. Code 1975, § 6-9-182. See Hines v. Cunningham, 622 So.2d 395, 397 (Ala. Civ. App. 1993). In the June 2016 judgment, the trial court specifically determined that the father had not satisfied the 2000 arrearage judgment and that the father had not paid child-support installments from December 2002 to July 2015 based on the father's lack of proof of certain payments he testified that he had made to the mother. The presumption created by § 6-9-191 may be rebutted, see Hines, 622 So.2d at 397, and, based on the trial court's judgment, it appears that the trial court had before it evidence indicating that the father had not paid the child-support installments, which evidence rebutted the presumption that the child-support *622 installments had been satisfied by payment.[8] ibr.US_Case_Law.Schema.Case_Body:v1">See id. The father's motion to partially satisfy the judgment is nothing more than an attempt to have the trial court reconsider its determination of the child-support arrearage in the June 2016 judgment, and the trial court properly denied that motion. See Satterfield, 553 So.2d at 64 (explaining that the movant's argument that the trial court had been "deprived of the opportunity to consider whether [a] 1973 judgment should have been presumed satisfied under ... § 6-9-191" in a 1981 action did not entitle him to relief under Rule 60(b)(5) when the record reflected that the trial court had been presented "sufficient evidence to overcome the rebuttable presumption of satisfaction created by § 6-9-191"). Thus, we affirm the trial court's denial of the father's motion to satisfy the judgment.
The father's final argument is that the trial court erred by denying his motion to stay the garnishment. However, in contravention of Rule 28(a)(10), Ala. R. App. P., the father has failed to develop that argument or to cite authority supporting the conclusion that the trial court erred in denying the motion to stay the garnishment. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) (" Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived." (emphasis added)); see also Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala. 1992) (explaining that an appellate court is not required to do a party's legal research or to develop an argument on behalf of a party); and Bishop v. Robinson, 516 So.2d 723, 724 (Ala. Civ. App. 1987) (quoting Thoman Eng'g, Inc. v. McDonald, 57 Ala.App. 287, 290, 328 So.2d 293, 294 (Civ. App. 1976) ) (noting that an appellant should "present his issues 'with clarity and without ambiguity' " and "fully express his position on the enumerated issues" in the argument section of his brief); accord United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). We therefore decline to consider that issue and we affirm the order of the trial court denying the father's motion to stay the garnishment.
APPEAL DISMISSED IN PART; AFFIRMED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Donaldson, J., concurs in the result, without writing.

The trial court determined that the child had begun living with the father during July 2015 and awarded credit against the father's child-support arrearage for those months the child lived with him.

Section 6-9-191 reads: "If 10 years have elapsed from the entry of the judgment without issue of execution or if 10 years have elapsed since the date of the last execution issued, the judgment must be presumed satisfied, and the burden of proving it not satisfied is upon the plaintiff."

The father asserted that the allegedly past-due child-support installments that had accrued before September 30, 2006, 10 years before he filed his motions, should be presumed to have been satisfied under § 6-9-191. However, the mother filed her counterclaim seeking the computation of a child-support arrearage on November 30, 2015. Thus, the date from which the 10-year period should be computed is November 30, 2015, making those installments due before December 2005 subject to the presumption of satisfaction contained in § 6-9-191. See Solinger v. Solinger, 57 Ala.App. 225, 228, 327 So.2d 721, 723 (Civ. App. 1975) (indicating that the relevant date for determining the application of the 10-year period contained in the predecessor statute to § 6-9-191 was the date of the petition seeking to revive the judgments).

We note that, as argued by the mother in her appellate brief, this court has held that allegedly past-due and unpaid child-support installments are not considered judgments for purposes of the application of § 6-9-191. See Derringer v. Beadlescomb, 537 So.2d 34, 36 (Ala. Civ. App. 1988), and Tanana v. Alexander, 404 So.2d 61 (Ala. Civ. App. 1981). In Tanana, we relied on our supreme court's holding in Austin v. Austin, 364 So.2d 301, 302 (Ala. 1978), to explain that, "in the context of a custodial parent coming into court seeking a judicial determination of arrearage, ... alleged past-due and unpaid child support [installments] are not 'final judgments' for purposes of § 6-9-191 until there has been a judicial ascertainment and declaration of the amount past due." Tanana, 404 So.2d at 63. Our supreme court appears to have effectively overruled Austin in Ex parte Morgan, 440 So.2d 1069, 1072 (Ala. 1983), where it held that
"past due installments of child support ... create a final monied judgment, and that a writ of garnishment is a legally permitted method of collecting that judgment. There is no logical reason for having the judgment of past due installments reduced to a monied judgment. It is already a monied judgment."
Although it appears likely that, under the holding announced in Ex parte Morgan, past-due and unpaid child-support installments do qualify as judgments for all purposes, including the application of § 6-9-191, we need not definitively decide whether Tanana and Derringer remain good law to resolve this appeal. For purposes of this opinion, we will assume that the child-support installments that the trial court determined had not been paid between December 2002 and December 2005 (see note 3, supra) were each separate monied judgments to which § 6-9-191 applies.

The father also asserted the presumption of satisfaction under § 6-9-191 in the Rule 59 motion; thus, to the extent it was based on that argument, the Rule 59 motion was, in fact, a Rule 60(b)(5) motion. See Young v. Southeast Alabama Med. Ctr., 148 So.3d 429, 431 (Ala. Civ. App. 2013) (explaining that this court "construe[s] a motion by its 'essence' and not by its nomenclature" and construing a motion to be a Rule 60(b) motion despite the lack of reference to Rule 60(b) in the motion). We will consider the trial court's denial of both the Rule 60(b)(5) motion and the motion to partially satisfy the judgment together.

We do not overlook the fact that Rule 60(b) authorizes the filing of an independent action seeking relief from a judgment; however, the father filed a motion in the present case.

The record does not reflect that the father asserted the presumption of satisfaction under § 6-9-191 in the trial court before the entry of the June 2016 judgment.

We note that we are precluded from reviewing the evidence to determine if it was sufficient to support the trial court's conclusion because the father did not timely appeal from the June 2016 judgment.